## WALL v. GILLEN.
### No. 7590.

Court of Civil Appeals of Texas. Austin.
Sept. 27, 1933.

W. H. Browning, of Lampasas, for appellant.

J. J. Byrne, of Lampasas, for appellee.

PER CURIAM.

Motion for rehearing of a motion to require the clerk to file the record; and to set aside an order affirming on certificate.

The judgment was rendered February 15, 1933. The last day for filing record in this court was April 16, 1933. Chapter 67, p. 142, Gen. Laws, 43d Leg. (1933), amending R. C. S. art. 1839 (Vernon's Ann. Civ. St. art. 1839), which became effective April 14, 1933, provides that: " * * * By motion filed before, at, or within a reasonable time, not exceeding fifteen days, after the expiration of such sixty day period, showing good cause to have existed within such sixty day period, why said transcript could not be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe." ·

No motion was filed in this court to extend the time or permit the filing of the record until July 11, 1933.

In the recent case of Hunter v. Moore, 62 S.W.(2d) 97, 100 (opinion of Commission adopted by Supreme Court), it ·was held that, where the motion was not filed within the sixty-day period, the Court of Civil Appeals was without power to extend the time, "even though good cause existed for failing to file within the time required by law." This decision denies to the Court of Civil Appeals any discretion, when the motion is not so filed.

The only change made by chapter 67 (above) is to extend the time within which the motion may be filed fifteen days beyond the sixty-day period. The chapter expressly requires the motion to be filed within the time specified. This language is, if anything, even more pointed than that of the 1931 amendment of the article (chapter 66, p. 100, Gen. Laws Reg. Sess., 42d Leg.), construed in Hunter v. Moore, above.

One other circumstance might be adverted to, if need be, in arriving at the legislative intent as expressed in the proviso of chapter 67. The original bill as introduced in the Legislature (S. B. 57) was a judicial council measure (Bill No. 7, p. 21, 4th Annual Report Tex. Civ. Jud. C.), the proviso in which read: " * * * Provided that for good cause shown the court shall permit the transcript to be thereafter filed upon such terms as it shall prescribe."

The amendment of this proviso evidences a deliberate legislative purpose to withhold from the Courts of Civil Appeals any discretion whatever to entertain a motion filed after the stated period.

This view renders immaterial whether a good excuse for not filing the record within the statutory period is shown. .

The motion is overruled.

Overruled.