## A. HARRIS & CO. v. BOSWELL et ux.

Motion No. 2338.

Court of Civil Appeals of Texas. Waco.

Nov. 9, 1933.

1030

Wm. Andress, Jr., of Dallas, for appellant.

Bush & Parten, of Franklin, for appellees.

ALEXANDER, Justice.

Final judgment was entered by the trial court in the above cause on July 11, 1932. Apparently no motion for new trial was filed. Thereafter an appeal was duly perfected to this court. The time for filing transcript in this court expired September 9, 1932. Revised Statutes, art. 1839, as amended in 1931 (chapter 66). The transcript, however, was not tendered to the clerk of this court for filing until September 10, 1932, and as a consequence the clerk refused to file same. Thereafter, on October 1, 1932, the appellant filed a motion herein to require the clerk of this court to file said transcript as of September 9, 1932, or, in the alternative, for an extension of time in which to file such transcript.

In support of its contention that the clerk should be required to file such transcript as of September 9th, the appellant presents a proper affidavit showing that said transcript was forwarded by registered mail from Dallas addressed to the clerk of this court at Waco on September 8th, and actually arrived in the post office at Waco on the morning of September 9th, that in the usual course of business a notice of the arrival of said registered package should have been delivered to said clerk in time for him to have called for said package on the afternoon of September 9th, at the time he made the last call for mail on that day, and that, if the clerk had received such notice and called for said package, he would have received same in time for filing as of September 9th. The registered package, however, was not actually received by the clerk of this court until September 10th, and there is nothing to show that said clerk had any notice of the arrival of said package in the post office at Waco prior to that date. Under the provisions of Revised Statutes, art. 1839, as amended in 1931, the appellant was required to file the transcript in this court within sixty days after final judgment. This it failed to do. The appellant selected the United States mail as its vehicle to transport said transcript from Dallas to Waco, and same became its agent, and, if a delay occurred which prevented the package reaching its destination within the proper time, it was the fault of the sender's agent rather than the receiver thereof. Long v. Martin, 112 Tex. 365, 247 S. W. 827; Texas Employers' Ins. Ass'n v. Cook (Tex. Civ. App.) 55 S.W.(2d) 205.

The appellant further contends that, even though it is not entitled to have the transcript filed as of September 9, 1932, as above contended for, it is entitled to an extension of time in which to file such transcript because it has shown good cause for not filing the same at an earlier date. It appears, however, that the motion for extension of time in which to file such transcript was not filed until October 1, 1932, which was more than sixty days after entry of final judgment by the trial court. It has been held by the Commission of Appeals that a Court of Civil Appeals is without authority to grant additional time in which to file a transcript, though good cause exists therefor, unless a motion for such extension of time be filed in the appellate court within said sixty-day period. Hunter v. Moore (Tex. Com. App.) 62 S.W.(2d) 97; Red v. Bounds (Tex. Com. App.) 63 S.W.(2d) 544. Since appellant failed to file its motion within said sixty-day period, we are without authority to grant same.

The motion is therefore overruled.