### JENKINS v. RUNNELS et al.
### No. 2556.

Court of Civil Appeals of Texas. Beaumont.
March 15, 1934.

E. B. Lewis, of Center, for appellant.

Sanders & McLeroy, of Center, and Huggins, Kayser & Liddell, of Houston, for appellees.

O'QUINN, Justice.

Appellant brings this appeal from a judgment of the district court of Shelby county sustaining a plea of privilege. As the appeal will have to be dismissed, we shall not make any statement of the nature of the suit or of the grounds upon which it was sought to maintain venue in the court where the suit was filed.

██ Upon hearing the court sustained the plea of privilege on March 27, 1933. No motion for a new trial was filed. Notice of appeal was given. Appeal bond was filed May 3, 1933. As stated, the judgment was rendered on March 27, 1933. The last day for filing the record in this court was May 26, 1933. Article 1839, R. S. 1925 (as amended by Acts 43d Leg. [1933], c. 67, p. 142 [Vernon's Ann. Civ. St. art. 1839]). This article provides: "In appeal or Writ of Error the Appellant or plaintiff in error shall file the transcript with the Clerk of the Court of Civil Appeals within sixty days from the final judgment or order overruling motion for new trial, or service of the writ of error; provided, by motion filed before, at, or within a reasonable time, not exceeding fifteen days, after the expiration of such sixty day period, showing good cause to have existed within such sixty day period, why said transcript could not be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe."

A motion to extend the time for filing the record was filed in this court on June 14, 1933, and was granted, extending the time for filing until August 1, 1933. A second motion for extension was filed and granted on July 31, 1933, extending the time for filing until September 1, 1933. The transcript was filed in this court August 28, 1933, and the statement of facts on August 2, 1933. Appellees duly filed their motion to dismiss because the record was not filed within the time required by law; hence the court is without jurisdiction to hear and determine the matter.

██ This motion must be sustained. The first motion for extension of time in which to file the record was not filed in this court until June 14, 1933, which was 79 days after the rendition of the judgment. It is well settled that a Court of Civil Appeals is without authority to permit the filing of the record of a case on appeal after the expiration of the 60 days allowed for the filing of the transcript, where appellant fails to apply for extension of time within the 75-day period, as prescribed by article 1839, as amended, though good cause may have existed within the 60-day period, for failing to file the record within the required time. · Hunter v. Moore (Tex. Com. App.) 62 S.W.(2d) 97; Red v. Bounds (Tex. Com. App.) 63 S.W.(2d) 544; Wall v. Gillen (Tex. Civ. App.) 63 S.W.(2d) 270; Harris v. Boswell (Tex. Civ. App.) 64 S.W.(2d) 1029.

██ It is contended that the motion to dismiss should be overruled because upon motion this court granted an extension covering the time when the record was filed. This con-

tention is without merit. We did grant an extension, but same was inadvertently done and was without effect. The motion for extension having been filed after the expiration of the 60-day period allowed for the filing of the transcript, and after the expiration of the 75 days for the filing of such motion for extension (79 days after the rendition of the judgment), we were without authority to grant the extension even though good cause existed for failing to file the record within the time required by law. Hunter v. Moore (Tex. Com. App.) 62 S.W.(2d) 97.

The motion to dismiss is sustained, and the appeal is dismissed.