## UNIVERSAL TRANSPORT & DISTRIBUT-ING CO. v. CANTU et al.
### Nos. 11841, 11925, 11926.

Court of Civil Appeals of Texas. San Antonio.

March 21, 1934.

Rehearings Denied April 11 and July 18, 1934.

On Motions for Certiorari, etc., May 9, 1934.

Eskridge & Groce and Walter Groce, all of San Antonio, for petitioner.

Thomas B. Smiley, of Karnes City, for respondents.

MURRAY, Justice.

This is an original application for a writ of mandamus to require the clerk of the district court of Karnes county to approve and file a supersedeas bond tendered by petitioner in cause No. 4010, which it seeks to bring to this court on appeal.

The petition originally contained an application for mandamus to compel the clerk to deliver the transcript in the cause, but as the clerk, Mrs. Maude Pyle, has in her reply expressed her willingness to deliver the transcript upon terms acceptable to petitioner, it will not be necessary to consider this phase of the petition.

The clerk, upon the request of petitioner, indorsed in writing on the bond her reasons for not approving it, which indorsement is as follows:

"State of Texas County of Karnes

"This bond is not approved for the reason first, I do not think it is a good bond, and second, for the reason that plaintiffs would not be in any better position than they are now for the reason that the Commercial Standard Insurance Company is the company that has agreed by bond filed in the office of the Railroad Commission of Texas, Indemnity Company section to indemnify the Universal Transport and Distributing Company in the cases in which plaintiff has recovered judgment.

"Witness my hand this 12th day of Feb. A. D. 1934.

"[Signed]      Maude Pyle
"[Seal]    District Clerk of the District Court of Karnes County, Texas."

It is clear from this indorsement that the clerk had two reasons for not approving the bond. We will discuss them in the reverse order in which they appear in the indorsement.

■ We think that the clerk's second reason for refusing to approve the bond is not well taken. It is true that the Commercial Standard Insurance Company was the carrier of the indemnity insurance for the Universal Transport & Distributing Company, who is the appellant in this cause. The insurance company is not a party in any way to the suit, and is therefore competent to become a surety on this supersedeas bond.

The other reason given by the clerk is that she does not think the bond is a good bond, and in her reply herein she, through her attorney, swears that she is very doubtful of the ability of the Commercial Standard Insurance Company to pay off the judgment in this cause. As we construe this statement, the clerk is at the present time refusing to approve this supersedeas bond because she is not convinced as to the sufficiency of the insurance company as a sole surety on the bond.

This raises the question as to whether or not a clerk may exercise any discretion in approving a bond signed by a surety company having a permit to do business in Texas. If a clerk has discretion, then a writ of mandamus will not lie unless an abuse of discretion is shown.

It is clear that, where personal sureties are offered, a clerk has the right to exercise discretion, and the burden of showing the sufficiency of the sureties is upon the party tendering the bond. Bean v. Polk (Tex. Civ. App.) 226 S. W. 1106. Therefore, unless this rule has been changed by the statutes which permit surety companies to qualify on such bonds, it is still the law in this state.

Articles 4969 and 4972, R. S. 1925, prescribe the privileges and duties of surety companies. We find nothing in these articles which would deprive an approving officer of all discretion in passing upon the sufficiency of a particular surety company to become surety on a particular bond. In fact, if the statutes did contain any such provision, it would be unconstitutional. In 21 R. C. L. p. 1159, § 198, we find: "It has been held that a statute providing that any foreign surety company complying with certain requirements shall be accepted as sole surety on any bond required or permitted by law is unconstitutional in so far as it purports to control the discretion of the court in accepting or rejecting any given company as surety, as it is essentially a judicial function to determine whether the surety offered is good and sufficient"—citing State v. Robins, 71 Ohio St. 273, 73 N. E. 470, 69 L. R. A. 427, 2 Ann. Cas. 487; Matter of Keogh, 22 Misc. 747, 50 N. Y. S. 998; 50 C. J. p. 320, § 540.

If this is the correct rule as to foreign companies, of course, it is the rule as to domestic companies. We conclude that, when a clerk is called upon to approve a supersedeas bond, as provided in article 2270, R. S. 1925, he is required to exercise discretion as to whether the surety, or sureties, are good and sufficient, and this is true whether the surety is an individual or a surety company.

The next question presented is, Did relator discharge the burden resting upon it to show the surety offered to be good and sufficient? It did not. Article 4969, supra, provides, among other things, as follows: "Each corporation, making or offering to make any bond under this article, shall publish in some newspaper of general circulation in the county where such company is organized or has its principal office on the first day of February of each year, a statement of its condition on the previous thirty-first day of December, showing under oath its assets and liabilities. A copy of said statement shall be filed with the Commissioner before the 1st day of March of the year following. * * *"

The record before us does not show that the Commercial Standard Insurance Company has published such a statement as of December 31, 1933, nor that a copy of same has been filed with the commissioner of insurance. The record does not show that such a statement was furnished to the clerk at the time the approval of the bond was sought. If such a statement has been made and published by the insurance company, it would have been an easy matter to have presented a copy of same to the clerk and attached same to the petition filed herein.

The petition does not show an abuse of discretion by the district clerk, and the petition for mandamus will accordingly be refused.

SMITH, Justice.

I concur in the result.

### On Rehearing.

MURRAY, Justice.

■ Our jurisdiction to hear and determine this petition for mandamus is dependent upon an appeal having been perfected from the trial court to this court in the above-styled cause.

Petitioner, realizing this fact, made the following allegation: "Your petitioner is a resident of Nueces County, Texas, and within less than thirty days filed a cost appeal bond with said District Clerk with other

sureties thereon, which said clerk approved and filed."

Originally we considered this allegation sufficient to show that an appeal had been perfected, overlooking the fact that the district court in Karnes county cannot last, by law, for more than eight weeks, and that in such counties an appeal bond must be approved and filed within twenty days after adjournment of the term of court 'at which the judgment was rendered. Article 2253 (Vernon's Ann. Civ. St.).

Furthermore, the time for filing the transcript in said cause expired on March 26, 1934, and appellant has not filed a motion within the fifteen days allowed by article 1839, R. S., as amended by Acts of the 43d Legislature, c. 67, p. 142 (Vernon's Ann. Civ. St. art. 1839), showing good cause to have existed why said transcript could not have been filed within the time as extended by an order of this court for the filing of such transcript.

We therefore conclude that we are without jurisdiction to pass upon this petition for mandamus, and same will be dismissed.

## On Motions for Certiorari and to Reinstate Mandamus Proceeding and Issue Mandamus.

SMITH, Justice.

The petition for mandamus and motion for rehearing thereof have been heretofore dismissed by this court upon the ground that the transcript, or motion to extend the time for filing the same, had not been timely filed in this court, and that this court therefore had no jurisdiction of the cause.

█ This action was taken upon the erroneous assumption that the matter should be governed by the provisions of article 1839, as amended by Acts 43d Leg., c. 67 (Vernon's Ann. Civ. St. art. 1839), requiring an appellant to file the transcript in this court within sixty days from the overruling of motion for new trial, or else file a motion, within fifteen days from the expiration of said sixty-day period, for an extension thereof. Upon further consideration a majority of the court have reached the firm conclusion that article 1839 has no application under the facts presented here, but that the situation must be governed by rule 1 for the Courts of Civil Appeals, as follows: "1. The clerks of the Courts of Civil Appeals shall receive the transcripts * * *. Upon receipt of the transcript it shall be the duty of the clerk to examine it in order to ascertain whether or not, * * * notice of appeal and a

proper appeal bond * * * have been given; * * * If it seems to him that the appeal has not been duly perfected he shall note on the transcript the day of its reception and refer the matter to the court. If, upon such reference, the court shall be of opinion that the transcript shows that the appeal * * * has been duly perfected, they shall order the transcript to be filed as of the date of its reception. If not, they shall cause notice of the defect to issue to the attorneys of record of the appellant * * *, to the end that they may take steps to amend the record, if it can be done, for doing which a reasonable time shall be allowed. If the transcript does not show the jurisdiction of the court and if after notice it be not amended, the case shall be dismissed."

Upon timely motion this court granted appellant until March 26, 1934, in which to file the record in this court, and in pursuance of that extension appellant, on said March 26, tendered the transcript to the clerk of this court for filing. The clerk inspected the transcript, as provided in rule 1, and discovered that the indorsement on the appeal bond copied in the record showed the bond to have been filed in the trial court on February 23, which was more than twenty days after adjournment of the court for the term at which the judgment sought to be appealed from 'was rendered, and therefore too late to give this court jurisdiction. The clerk thereupon refused to file the transcript because of the apparent tardy filing of the appeal bond, and, noting the date of its receipt thereon, gave notice of the refusal to file, and the reason therefor, to the attorneys for appellant, all as provided in rule 1.

█ In response to such notice, counsel for appellant set up an inquiry in the trial court, at which it was disclosed that said appeal bond had in truth and in fact been timely filed in the court below on February 17, but that subsequent to such filing the file mark on the bond and in the record thereof in the transcript had been changed from February 17, to February 23, without the knowledge or acquiescence and through no fault of appellant or its counsel, whereby it was made to appear that the bond was filed too late to effectuate the appeal; whereas, in fact it had been timely filed and this court's jurisdiction had attached. Upon this showing the trial court ordered the clerk below to restore the original and true file mark on the bond to show the original and true date thereof, to wit, February 17. This was the proper procedure. 3 Tex. Jur. § 543; Boggess v. Harris, 90 Tex. 476, 39 S. W. 565; Johnston

v. Arrendale (Tex. Civ. App.) 71 S. W. 44 (Writ Ref.).

■ Appellant now tenders a supplemental transcript embracing said order, together with motion for certiorari to perfect the record by including said supplemental transcript therein, and a prayer that the transcript, so supplemented, be filed as of the date of its original tender herein, to wit, March 26. The motion for certiorari will be granted, but as the supplemental transcript showing the correction sought has been tendered in this court, the clerk is ordered to file same in lieu of the writ of certiorari, which need not issue. And the clerk of this court is now directed to file the original transcript as of March 26, 1934, the date tendered for that purpose. Rule 1, supra; 3 Tex. Jur. §§ 544, 548; Patrick v. Pierce, 107 Tex. 620, 183 S. W. 441; Wells v. Driskell, 105 Tex. 81, 145 S. W. 333; Powell v. Hill (Tex. Civ. App.) 152 S. W. 181.

All costs of this proceeding for certiorari, including costs of supplemental transcript, will be taxed against appellees.

■ Also, upon further consideration a majority of this court have concluded that the mandamus applied for by relator, to require the clerk of the district court of Karnes county to file the supersedeas bond tendered to said clerk by relator on February 12, 1934, should be granted by virtue of the statutes (article 4969 et seq.) and the interpretation thereof by our courts. Scribner's Sons v. Marrs, 114 Tex. 11, 262 S. W. 722; McKenzie Const. Co. v. City of San Antonio (Tex. Civ. App.) 50 S.W.(2d) 349 (Writ Ref.); Ex parte Cook, 62 Tex. Cr. R. 22, 136 S. W. 67; Security Union Ins. Co. v. Gullett (Tex. Civ. App.) 36 S.W.(2d) 1085; Romine v. Howard (Tex. Civ. App.) 93 S. W. 690; Clopton v. Goodbar (Tex. Civ. App.) 55 S. W. 972.

Accordingly, all orders of this court heretofore entered in the proceeding for said mandamus will be set aside and relator's application for mandamus will be reinstated and granted, and the clerk of this court is directed to issue said mandamus, commanding respondent, Maud Pyle, clerk of the district court of Karnes county, to file said supersedeas bond as of February 12, 1934. All costs of this proceeding for mandamus will be taxed against appellees in this cause.

FLY, Chief Justice.

I fully concur in the foregoing decision.

MURRAY, Justice (dissenting).

I do not concur in the majority opinion of this court reinstating this cause and granting a mandamus compelling the district clerk of Karnes county to approve an appeal supersedeas bond tendered by appellant and signed by the Commercial Standard Insurance Company, by J. E. Earnest, vice president, and attested by C. L. Mansfield, assistant secretary, as surety.

The record in this case was presented here March 26, 1934, which was the last day for filing same under an enlargement of time theretofore granted by this court. The clerk, upon an examination of the record, found that the district court of Karnes county had adjourned on February 1, 1934, and that the appeal bond had been filed and approved on February 23, 1934, and not within the twenty days required by article 2253, R. S. 1925, as amended by Acts 1927, c. 15, § 1 (Vernon's Ann. Civ. St. art. 2253). This court upon an examination of the record sustained the action of the clerk in not filing the record and notice was given to appellant of such action.

Appellant then secured a hearing before the district judge of Karnes county for the purpose of having the record corrected. The district judge, upon this hearing, found that the appeal bond was presented to the district clerk on February 17, 1934, and at that time the clerk placed her file mark on the bond and signed same officially, telling attorney for appellant if the bond was a good bond she would approve it. On the next day she wrote to the state insurance commissioner inquiring whether or not the agent who had signed the surety company's name to the purported cost bond had authority to do so, and whether or not the Fidelity & Deposit Company of Maryland had a permit to do business in Texas. On February 23, 1934, the clerk received an affirmative answer to her inquiry and then proceeded, for the first time, to approve the bond. The clerk made the mistake of changing the original file mark from the 17th to the 23d day of February.

The majority opinion is apparently based upon the theory that the filing of an unapproved appeal bond with the clerk is sufficient to perfect an appeal to this court. The only decision on the point, that I have been able to find, is to the contrary. In Houston & T. C. R. Co. v. Smith (Tex. Civ. App.) 97 S. W. 519, the court said: "The appellee in the court below on the 11th day of December, 1905, recovered a judgment against the appellant for $112.50. Notice of appeal was given by appellant, and court adjourned on the 21st day of December, 1905. On the 5th day of January, 1906, the appellant executed an appeal bond, which is marked 'Filed on the 8th day of January, 1906.' The clerk of the county

court on the 11th day of January, 1906, fixed the probable amount of the costs at $75, and on that day also approved the appeal bond. The appellee, in her motion to dismiss, contends that the bond could not be filed prior to the time the clerk fixed the probable amount of the costs and the time he approved the bond, and that causing the same to be indorsed 'Filed' prior to that date was unauthorized. The act of the clerk fixing the probable amount of the costs and his approval of the bond is essential to its validity, and a paper filed with the record in the case prior to that time, purporting to be a bond, could be given no official recognition. Therefore, the bond, having been approved more than 20 days after the adjournment of the court, the appeal will be dismissed."

The trial court found that while the clerk did not approve the bond until February 23, she should have approved it on February 17, 1934. It is settled law that the clerk and not the judge is charged with the discretion of approving appeal bonds. Article 2265, R. S. 1925. And the district judge has no power to control the clerk in the discharge of this discretionary duty. Hill v. Halliburton, 32 Tex. Civ. App. 21, 73 S. W. 21. The action of the trial judge could only be upheld on the theory that the clerk abused her discretion in making inquiry about the surety company tendered as a surety on this bond. The judge does not find any abuse of discretion. As a matter of fact, the statutes make it a penalty of $500 for any person to accept a bond of a surety company that does not have a permit to do business in Texas. Article 4978, R. S. 1925.

The majority opinion points out that the filing of this record must be governed by rule 1 for the Courts of Civil Appeals, and this is undoubtedly true. However, where rule 1 states that a reasonable time shall be allowed to amend the record, it is now subject to the limitation that a reasonable time is fifteen days and if that is not sufficient a further enlargement of time must be applied for under the provisions of article 1839, supra. Jenkins v. Runnels (Tex. Civ. App.) 69 S.W.(2d) 810; Hunter v. Moore, 122 Tex. 583, 62 S.W.(2d) 97; Red v. Bounds, 122 Tex. 614, 63 S.W.(2d) 544; Wall v. Gillen (Tex. Civ. App.) 63 S.W. (2d) 270; Harris & Co. v. Boswell (Tex. Civ. App.) 64 S.W.(2d) 1029.

The authorities cited in the majority opinion were all decided long before article 1839 was enacted in its present form and at a time when there was no limitation on the court's discretion as to the filing of records.

In reference to the mandamus here applied for, I am of the opinion that this writ was properly refused for the reasons stated in our original opinion. The majority of this court have taken the view that where a surety company bond is tendered to an approving officer all discretion is taken away and that the bond need only to be filed, as the law approves it without any action on the part of the officer. Language to this effect is to be found in the authorities cited, but to my mind the facts are so different in these cases that they should not be accepted as ruling this case. In McKenzie Construction Co. v. City of San Antonio, the court said (50 S. W. (2d) 349, 351): "Appellees further attack the ordinance accepting appellant's proposal on the ground that the city commissioners did not formally approve the bond executed and delivered by appellant. The record discloses that each of the four surety companies on appellant's bond were authorized to act as such sureties at the time the bond was executed. Under the provisions of our Revised Statutes, article 4970, we hold that no such formal approval was necessary. The United States Supreme Court has likewise so held in a similar case involving a similar statute. See United States v. Purcell Envelope Co., 249 U. S. 319, 39 S. Ct. 300, 63 L. Ed. 620."

It will be noted that the court uses the words "formally approve" and further shows that there was an acceptance of and acting under the bond sufficient to show elements of estoppel. In the case cited we find the following significant language, indicating that discretion may be exercised: "The company was then directed by the department to execute the necessary contract in quadruplicate, which it did, and returned the contract to the department with a surety whose responsibility was not questioned at any time nor was other security demanded, as it might have been."

In this case the clerk refused to approve the bond because she did not think it was a good bond, as shown by her written indorsement, and more security was exactly what she was demanding.

In Scribner's Sons v. Marrs, supra, language is found to the effect that article 4970 (4929), R. S. 1925, has the effect of depriving an approving officer of all discretion in passing upon a bond signed by a surety company, but again the facts in that case are so different from the present case, and there are so many elements of estoppel appearing, and further the case being really decided on the theory that the superintendent of public instruction has no authority to question the

validity of a contract made by the state text-book board, that this case cannot be accepted as "stare decisis" on the question involved.

Article 4969, R. S. 1925, requires a surety company to publish once a year and file with the insurance commissioner a sworn list of its liabilities and assets. This could be done for no other purpose than to assist the public in determining whether or not they will accept a particular surety company on a particular bond. If the public is to thus exercise its discretion, why should a public official charged with the almost sacred duty of protecting the right of litigants not be permitted to exercise discretion? Any statute which deprives such an officer of his discretion, and thus casts to the winds the right of litigants, is unconstitutional. 21 R. C. L. p. 1159, § 198; Schmitt v. Common Council of Village of Clinton, 111 Mich. 99, 69 N. W. 153, and authorities cited in our original opinion.

There has never been presented to this court or the clerk below a statement of any kind that would in any way indicate whether or not this supersedeas bond is signed by a good and sufficient surety, yet the rule, as accepted by the majority, requires that this court assume the grave responsibility of approving this bond (if ordering it filed is equivalent to an approval) though we have been kept entirely in the dark as to its sufficiency.

For the reasons above set forth, I respectfully dissent from the majority opinion.