## SOUTHERN UNDERWRITERS et al. v. DYCHE, District Clerk, et al.

### No. 4023.

Court of Civil Appeals of Texas. El Paso.
May 9, 1940.

Rehearing Denied May 30, 1940.

Simpson, Dorenfield & Fullingim and E. A. Simpson, all of Amarillo and Claude Williams, Henry D. Akin, and Will R. Saunders, all of Dallas, for relators.

Joe E. Kelly, of Fort Stockton, and Hoyet A. Armstrong, Haskell H. Cooper, and Kennemer & Armstrong, all of Dallas, for respondents.

PRICE, Chief Justice.

This is an original proceeding in mandamus by the Southern Underwriters and United Employers Casualty Company, hereinafter called relators, against J. H. Dyche, personally and in his capacity as District Clerk of Pecos County, and against Norfleet Hill, personally and in his official capacity as Sheriff of Harris County, and J. W. Franks, Haskell H. Cooper and Hoyet Armstrong, hereinafter called respondents. Relators seek a writ of mandamus ordering respondent Dyche, as District Clerk, to approve a certain supersedeas bond in the sum of $15,000 payable to respondents Franks, Cooper and Armstrong. The bond is signed by relators, as principals, and Lloyds Casualty Insurer. This bond was rejected by respondent District Clerk, not on the ground of lack of proper condition, but on account of doubt as to the sufficiency of the surety.

The judgment sought to be superseded was rendered in cause No. 841, in one of the District Courts exercising jurisdiction in Pecos County. Respondent Franks recovered a judgment therein against relators in the sum of $6,875.10, the judgment bearing interest at the rate of six per cent per annum. It was provided in the judgment that $2,291.70 should be paid jointly to respondents Cooper and Armstrong, as compensation for representing Franks as attorneys.

In compliance with law, within six months from the date of the entry of the final judgment, relators perfected an appeal therefrom by writ of error. In the perfection of this appeal a cost bond was filed. On March 4, 1940, while said cause was pending in this Court, on request of respondents Franks, Cooper and Armstrong, a writ of execution was issued on said judgment to the sheriff or any constable of Harris County, Texas, and also on the same day a writ of garnishment issued on the judgment addressed to the sheriff or any constable of Harris County commanding him to serve same on the City National Bank of Houston. These writs were by respondents Franks, Cooper and Armstrong duly placed in the hands of respondent Hill, as sheriff, for execution. Before either of these writs was levied relators tendered the supersedeas bond above described. Respondent Dyche refused to approve same and to issue writ of supersedeas. Relators then caused the excess of said bond over and above the amount of the judgment to be reinsured by Lawyers Lloyds of Texas, a casualty insurance company organized and existing under the laws of Texas, and having a permit from the Board of Insurance Commissioners of the State of Texas to do business therein. Relators aver that respondent Dyche still arbitrarily and capriciously refuses to approve the bond.

Upon the filing of relators' petition herein for mandamus this Court took steps to preserve the status quo and issued an order to respondents to show cause why writ of mandamus be not issued as prayed.

Respondents Dyche, Franks, Armstrong and Cooper in due time filed answer to the petition of relators.

The reason given by respondent Dyche for refusing to approve the bond as tendered was substantially as follows: That when the said bond was tendered he wired the Chairman of the Insurance Commission as follows: "Do you deem Lloyds Casualty Insurer, Houston, Texas, sufficient as surety on a Fifteen Thousand Dollar appeal bond. Answer Western Union collect." Immediately thereafter he received a reply as follows: "Lloyds Casualty Insurer is licensed and in good standing with this Department but its assets not sufficient to permit writing of bond in amount of Fifteen Thousand Dollars." Immediately respondent Dyche wired Will R. Saunders, Esq., one of the attorneys for relators, as follows: "State Board of Commissioners advises Lloyds Casualty Insurer do not have assets sufficient to permit writing of Fifteen Thousand Dollar bond. Therefore I cannot approve supersedeas bond in case J. W. Franks v. Southern Underwriters." That thereafter, on or about March 19, 1940, relators tendered supersedeas bond to Dyche with Casualty Insurer as surety on said $15,000 bond, and with Lawyers Lloyds of Texas as reinsurer for the amount of said bond in excess of $7,000. This bond respondent Dyche refused to approve, advising Mr. Saunders of his refusal in the following telegram: "Cannot accept and approve supersedeas bond case Franks v. Southern Underwriters with additional limited liability by Lawyers Lloyds of Texas. Will approve same if bond sureties jointly and severally liable for full amount."

It is contended by relators that under Arts. 4969 et seq., R.S.1925, the bond tendered was executed by a surety licensed by the Board of Commissioners and that the respondent Clerk had no right to question the sufficiency of the sureties. On the part of respondents it is contended that the articles cited above have no application to a surety doing business under the Lloyds plan. They likewise contend that, even in case of an insurance company coming clearly under the provisions of the statutes above cited, the clerk, in the matter of a supersedeas bond, is, under the law, bound to exercise his discretion in the matter of the approval or rejection of same.

Relators rely largely on the case of Universal Transportation & Distributing Co. v. Cantu et al., Tex.Civ.App., 75 S.W.2d 697. In that case it was held that the appellant was entitled to mandamus to compel Clerk of District Court to file supersedeas bond signed by corporate surety. The Clerk refused to accept the bond for two reasons, only one of which has any bearing here, that is, that it was not a good bond. We presume by "not a good bond" was meant that the surety was not of sufficient financial responsibility. On what information the Clerk acted, if any, does not appear. From the opinion it is inferred that the only evidence of solvency was the fact of the license by the Board of Commissioners.

There, there was no question but that Articles 4969 et seq. applied. We deem it unnecessary in the disposition of this case to decide whether Articles 4969 et seq. apply to associations doing an insurance business under the Lloyds plan. Article 5020, R.S.1925, Vernon's Ann.Civ.St. art. 5020, as to Lloyds insurance, provides: "No attorney for underwriters at a Lloyd's shall assume any one insurance risk exceeding one-tenth of the amount of the net assets of the underwriters as defined in this chapter and the additional liability assumed by the individual underwriters in the articles of agreement and in the policies or contracts of insurance, unless such excess shall be promptly reinsured."

Now the information upon which the Clerk acted in refusing to accept this bond was from the Chairman of the Board of Insurance Commissioners, who had every facility to know the financial status of the bondsman tendered. This bondsman was as incompetent to write a bond in excess of one-tenth of the amount of its net assets as it would have been had it been without a license. If the state of facts existed which the Clerk had every reason to believe did exist, he not only should have refused the approval of the bond, but should he have approved same would have violated the law. Relators nowhere in their application show that the $15,000 did not exceed one-tenth of the net assets of the surety tendered.

It is unnecessary to consider what was the effect of the reinsurance of $7,000 of the bond above the amount of the judgment. It is not contended that the Lawyers Lloyds is a surety on the supersedeas bond. It is not shown that the supersedeas bond we are asked to compel the Clerk to approve is secured by a surety solvent within

the meaning of the law to the extent of $15,000, the amount thereof. The power of the surety tendered is limited by the law conferring the power to make insurance and surety contracts.

Even though Articles 4969 et seq. may have limited the discretion and duty enjoined upon the clerk by Article 2270, we are unwilling to hold that it makes it the duty of that official to approve a bond he has good reason to believe that the surety tendered is forbidden by law to execute. It is a supersedeas bond sufficient in and of itself that is required to stay the execution of the judgment.

Application denied.