## TEXAS & N. O. R. CO. v. TOLBERT.
### No. 8731.

Court of Civil Appeals of Texas. San Antonio.
Jan. 27, 1932.

Rehearing Denied Feb. 17, 1932.

Templeton, Brooks, Napier & Brown, of San Antonio, and Baker, Botts, Andrews & Wharton, of Houston, for appellant.

Perry J. Lewis, H. C. Carter, Randolph L. Carter, and Champe G. Carter, all of San Antonio, for appellee.

FLY, C. J.

This is a suit to recover damages, which was narrowed to damages arising from slanderous statements made by appellant against appellee. The trial before a jury, to whom the case was submitted on special issues, resulted in a judgment in favor of appellee for $2,500. It is a fact case, it being contended by appellant that the facts do not sustain the verdict and judgment.

There is a branch of the Galveston, Harrisburg & San Antonio Railway Company, a link in the Southern Pacific System, which is sued

herein as the Texas & New Orleans Railroad Company, which extends from Alleyton, in Colorado county, to La Grange, in Fayette county, Tex. Appellee was at the time of the utterance of the slanderous words, and had been for years, boss of a road gang working on the branch line, or, as he was designated, section foreman. On the 18th day of October, 1927, at about 1:20 o'clock p. m., appellee was sitting on the edge of a motorcar covered with a tarpaulin, on the right of way near the railroad track. Negro laborers, who were workers on the track under the supervision and authority of appellee, were gathered about the tarpaulin on which dice were being thrown. It was near the beginning of the month, at which time wages had been paid to the "boss" and his "gang."

While appellee and the negroes were in the positions stated, Riess, the roadmaster, burst upon the scene from weeds just outside the right of way and came upon the parties suddenly without any knowledge of his approach. It was undoubtedly a "surprise visit," unheralded and unanticipated. Riess told appellee that he was throwing dice and gambling on the company's time. He charged appellee with throwing dice and gambling on the time of the company. Gambling is an offense denounced by the criminal laws of Texas, whether on the "company's time" or any one else's time. Without any notice to appellee, or any hearing on the charges made, on the 20th day of October, 1927, appellee was removed from his job and another man put in his place. He appealed to the superiors of Riess for redress, but the latter was sustained and no assistance was extended to appellee, although he was joined in his petition to be restored to his position by a large number of reputable well-known citizens of La Grange, to whom he had been known for years. He has not been able to obtain a position with any railway and has been compelled to change his vocation. Riess did not testify that appellee was a party to the dice throwing, nor was it shown that appellee or the negroes were engaged in gambling. Riess refused to make a complaint to that effect. Appellee was not using the time of the appellant for gambling or any other purpose, but was on time belonging to him and his workers, who had gained a half hour after 1 o'clock p. m. by having worked a half hour overtime the day before. While 1 o'clock was the hour fixed for appellee to return, he had the right, recognized by appellant, to delay beginning work for half an hour to repay the men for overtime work. This was not controverted. The charge on gambling was false, and undoubtedly caused the discharge of appellee. Appellee was fully exonerated by the facts of any neglect of his duty as an employee of appellant at any time during his service.

In answer to the special issues and in accordance with the facts, the jury rendered a verdict which sustains the judgment. The charge was one of a crime against a state law, and it led to a summary discharge without notice or a hearing. In the courts of the country the vilest criminal is presumed to be innocent until shown to be guilty beyond a reasonable doubt, but no such privilege was extended appellee and no such presumption indulged in his behalf. Upon the ex parte statement of a man, shown to be prejudiced against appellee, he was condemned and the death penalty of his railroad service adjudged against him. It is true that at his earnest solicitation appellee was heard in his defense by officers of appellant, superiors to Riess, but the edict had gone forth on the uncorroborated accusation of their underling and it was not altered, although they were shown that the charge was baseless and false.

■ The first proposition of law, which is styled "First Error" in the brief, assails the sufficiency of the allegations of the petition, stating that they were not sufficient to charge a cause of slander, and that such allegations formed no basis for damages. We overrule that contention. The petition stated the facts, which disclosed that a criminal charge was made by Riess, an employee, against appellee in the presence of others and circulated by him and others. It is contended that the communication was privileged. A privileged communication is one made in the course of duty, at a proper time, in a proper cause, and for the proper motives. Appellant argues that the charge was one not of crime but in effect was a charge of loafing on his job, and on time which belonged to his employer. If that be true, why was the appellee charged with a crime instead of loafing or wasting the time of the employer? The gist of the charge was gambling, and whether on the time of the railroad company added nothing to, nor took anything from, the heinousnous of the offense. That it was a gratuitous and malicious charge is apparent from the fact that Riess refused to file a complaint against appellee. The causes of difference between Riess and the appellee showed that bad feeling had been engendered between them and justified the jury in finding that Riess had been actuated by malice in making the charge. A due regard for the rights of appellee would have prompted a hearing at which appellee would have been permitted to give his explanation of the circumstances. This was not done. The second and third errors involve the same contentions as those made in the first and are overruled.

■■ The charge was made in the presence of the section hands with appellee at the time, and that was a publication of the language, and it is apparent that it had spread with the speed that is always made by slander, because in less than a week the people of La Grange showed an acquaintanceship with it. Those citizens, however, recognized the falsity of it and asked that appellee be reinstated in his

position as section foreman. This was refused and the vice president reiterated the charges, and expressed his belief that the charges were true.

The charge made by Riess and sustained necessarily brought on the discharge of appellee. No matter if the main offense was loafing, it carried with it an accusation of a violation of the laws of Texas, which placed a stigma upon a reputation built up by years of faithful service. The people among whom appellee had lived for years respected him, and sought to obliterate the stain upon his reputation made by Riess and other officers of appellant. Riess admitted in his testimony that he told numbers of persons that appellee had been discharged for gambling. He had not told the circumstances, but willfully and maliciously circulated the slander. Appellee showed damages more than sufficient to cover the amount of the judgment.

The judgment is affirmed.