RED et al. v. BOUNDS et al.

No. 1454—6133.

Commission of Appeals of Texas, Section B. Oct. 18, 1933.

O. F. Watkins, of Mexia, for appellants.

Bryant & Williford, of Wortham, for appellees.

LEDDY, Judge.

The Honorable Court of Civil Appeals for the Tenth Supreme Judicial District of Texas submits certified questions for the determination of the Supreme Court. The statement and questions are as follows:

"Issues of law have arisen in the above case now pending in this court which we deem it advisable to certify to the Honorable Supreme Court for decision. A decision of the questions certified is necessary for a disposition of the case.

"Final judgment was rendered in the above cause on November 19, 1931. Motion for new trial was overruled on November 23, 1931. Notice of appeal was immediately given and appeal bond filed on December 17, 1931. On January 29, 1932, the appellants tendered the statement of facts and transcript to the clerk of this court for filing, but said clerk refused to file same because same were not tendered in time. On February 4, 1932, appellants filed herein a motion for permission to file such transcript and statement of facts, which motion was duly contested by the appellee. At that time no motion to affirm on certificate had been filed. In our opinion the motion filed herein by the appellants on February 4, 1932, for permission to file the statement of facts and transcript shows good cause for not filing such statement of facts and transcript at an earlier date. No motion for additional time in which to file the transcript and statement of facts was filed in this court by the appellants within sixty days from the date of the order overruling the motion for new trial. With the foregoing facts in mind, we certify to your Honorable Court the following questions:

"No. 1. Has this court authority, in its discretion, appellants having shown good cause for delay, to permit them to file their transcript and statement of facts herein, notwithstanding the sixty day period limited by law has expired and notwithstanding they failed to file an application for extension of such time before the expiration thereof?

"After the appellants had filed in this court their motion of date February 4, 1932, for permission to file the statement of facts and transcript, the appellees, on February 25, 1932, filed with the clerk of this court a proper certificate of the clerk of the trial court, attested by the seal of said court, stating the time when and how such appeal was perfected, and filed a motion to affirm the judgment of the trial court on such certificate, as provided in Revised Statutes, Article 1841. In the event the court answers the foregoing question in the negative, then we respectfully request an answer to the following question:

"No. 2. Appellees having filed herein a motion to affirm the judgment of the trial court on certificate, based on appellants' failure to file their transcript and statement of facts within the sixty day period limited by law, or in the alternative to secure an extension of time within which to file the same, can appellants, having as aforesaid shown good cause for not filing their transcript and statement of facts in this court within the time limited by law, defeat such affirmance by tender of such transcript and statement of facts for filing and should this court permit the filing of the same in pursuance of the provisions of Articles 1841 and 1842 of our Revised Statutes? "

The decision of this court in answering a certified question propounded by the Honorable Court of Civil Appeals for the Second District in the case of Sam J. Hunter et al. v. Mrs. Frances Stewart Moore, 62 S.W.(2d) 97, requires that the first question certified be answered in the negative.

An answer to the second question is dependent upon a determination of the question as to whether the amendment to article 1839 by the act of 1931 (Acts 1931, c. 66) operated to repeal those portions of articles 1841 and 1842, R. S. 1925, which permit the transcript to be filed upon showing of good cause within fifteen days after affirmance on certificate.

Article 1839, R. S. 1925, before the amendment read as follows: "In appeal or writ of error, the appellant or plaintiff in error shall file the transcript with the clerk of the Court of Civil Appeals within ninety days from the perfection of the appeal or service of the writ of error; provided, that for good cause, the court may permit the transcript to be thereafter filed upon such terms as it may prescribe."

The article as amended by the act of 1931 provides: "Appellant or plaintiff in error shall file the transcript with the Clerk of the Court of Civil Appeals within sixty days from the final Judgment or Order overruling motion for new trial, or perfection of the Writ of Error; provided, that for good cause shown before the expiration of such sixty day period, the Court shall permit the transcript to be thereafter filed upon such terms as it shall prescribe."

The right to an affirmance on certificate is granted by article 1841, R. S. 1925. This article provides: "If the appellant or plaintiff in error shall fail to file a transcript of the record, as directed in this chapter, then the appellee or defendant in error may file with the clerk of said court a certificate of the clerk of the district or county court in which such appeal or writ of error may have been taken, attested by the seal of his court, stating the time when and how such appeal was perfected or such citation was served; whereupon the Court of Civil Appeals shall affirm the judgment of the Court below, un-

546

less good cause can be shown why such transcript was not so filed. If a copy of the bond accompanies such certificate of the district or county clerk, the judgment shall, in like manner, be affirmed against the sureties on such bond."

Article 1842, R. S. 1925, authorizes the Court of Civil Appeals to permit the filing of the transcript in that court for good cause shown within fifteen days after it has granted a motion to affirm on certificate.

The act of 1931 amending article 1839 with reference to the time of filing the transcript contains the following repeal clause: "All laws and parts of laws in conflict herewith be and the same are hereby repealed." Section 2.

The provisions of articles 1841 and 1842 were not in conflict with the provisions of article 1839 prior to its amendment by the act of 1931. Said article, as originally enacted, permitted the transcript to be filed in the Court of Civil Appeals after the expiration of ninety days if good cause should be shown for failure to file within the prescribed time. If the allotted time had expired, the Court of Civil Appeals was authorized to permit the filing of the transcript on a motion setting up good cause, even though such motion was filed after the expiration of such period. Consistent with this provision, articles 1841 and 1842 made provision that where affirmance on certificate was had for failure to file the transcript within the time required by law the same would be set aside upon a showing of good cause for not filing if such showing was made within fifteen days after the affirmance.

Since the amendment to article 1839 a different situation exists. The amended article requires the transcript to be filed within a period of sixty days from the date of final judgment or the order overruling the motion for new trial. The only exception to this provision is that the time may be extended if good cause is shown within the sixty-day period. If good cause is not shown during such period, then the transcript cannot be filed after the expiration of sixty days.

That portion of articles 1841 and 1842 permitting the filing of the transcript within fifteen days after the expiration of the sixty-day period are squarely in conflict with amended article 1839. It was manifestly the purpose of the amendment to the statute in question to deal exclusively with the subject of the time in which the transcript should be filed in the Court of Civil Appeals and to limit the authority of the Court of Civil Appeals so as to prevent its extending the time for filing the transcript in that court unless application for the extension should be made within the sixty-day period. If the provisions of articles 1841 and 1842 are allowed to continue in effect, then the Court of Civil Appeals may, contrary to the provisions of the amended article, extend the time for filing the transcript although good cause is not shown until after the expiration of the sixty-day period.

Inasmuch as the provision of the amendment to article 1839 was intended to be exclusive as to the period in which the transcript should be filed in the Court of Civil Appeals, the provision of articles 1841 and 1842 which allows the transcript to be filed upon showing of good cause after the expiration of the sixty-day period are in conflict with the amendment to article 1839; hence they must be held to have been repealed.

If we should construe the amended article as not having the effect to repeal said provisions of articles 1841 and 1842, the mandatory provisions of article 1839 could be evaded by the simple expedient of the party appealing failing to present his transcript for filing until after an affirmance on certificate was had. He would then be entitled to file his transcript on motion made after the expiration of the sixty-day period and thus obtain the very privilege sought to be denied by the act of 1931.

The object of the Legislature in enacting a statute must be kept in mind and such construction placed upon it as will render the legislative purpose effective. Hicks v. Krigbaum, 13 Ariz. 237, 108 P. 482; Morrell Refrigerator Car Co. v. Commonwealth, 128 Ky. 447, 108 S. W. 926; Leonard v. Ekwall, 124 Or. 351, 264 P. 463.

If the statute is susceptible of more than one construction, it should be given that which will best effect its purpose rather than one which will permit its terms to be easily evaded. Imperial Irr. Co. v. Jayne, 104 Tex. 395, 138 S. W. 575, Ann. Cas. 1914B, 822; Petroleum Cas. Co. v. Williams (Tex. Com. App.) 15 S.W.(2d) 553; Eppstein v. State, 105 Tex. 35, 143 S. W. 144.

It is our conclusion that if the sixty-day period provided in article 1839 is allowed to expire without a motion being filed to extend the time, then the right to affirmance on certificate becomes absolute. On the other hand, if showing of good cause has been made during the sixty-day period, the right to affirmance on certificate would not exist until the additional time allowed for filing the transcript has expired.

It follows from what has been said that the second question certified should be answered in the negative.

We therefore recommend that the questions certified be answered as herein indicated.

CURETON, Chief Justice.

Opinion of the Commission of Appeals answering certified questions adopted and ordered certified.