### GREEN et al. v. WHITE et al.
#### No. 2137.

Court of Civil Appeals of Texas. Waco.
Nov. 9, 1933.

Rehearing Denied Dec. 21, 1933.

J. S. Callicutt, of Corsicana, for plaintiffs in error.

S. M. Kerr and C. W. Taylor, both of Corsicana, for defendants in error.

ALEXANDER, Justice.

Final judgment was entered in the above cause on July 29, 1931, and motion for new trial overruled August 15, 1931. A petition for writ of error was filed and bond given on November 10, 1931. Service of citation in error was completed November 23, 1931. The time for filing transcript in this court expired January 22, 1932. The transcript and statement of facts were tendered to the clerk of this court for filing January 25, 1932, but he refused to file same because tendered too late. Thereafter on February 15, 1932, plaintiffs in error filed herein a motion for additional time in which to file the transcript and statement of facts.

Under the provisions of Revised Statutes, art. 1839, as amended in 1931 (chapter 66, § 1 [Vernon's Ann. Civ. St. art. 1839]), a plaintiff in error was required to file the transcript in the Court of Civil Appeals within sixty days from the perfection of the writ of error. By the same statute this court was authorized to grant additional time in which to file transcript, provided good cause therefor was shown before the expiration of such sixty-day period. It has been held by the Commission of Appeals that a Court of Civil Appeals is without authority to grant additional time in which to file a transcript, though good cause exists therefor, unless a motion for such extension of time be filed in the appellate court within such sixty-day period. Hunter v. Moore (Tex. Com. App.) 62 S.W.(2d) 97; Red v. Bounds (Tex. Com. App.) 63 S.W.(2d) 544. Since the plaintiffs in error failed to file their motion for such extension of time within said sixty-day period, the same comes too late and is therefore overruled.