## CAVANAUGH v. WATKINS et al.
### No. 1543.

Court of Civil Appeals of Texas. Waco.
Nov. 16, 1933.

J. W. Spivey, of Waco, for plaintiff in error.

Stansell Bryan, of Waco, for defendants in error.

ALEXANDER, Justice.

■ This case is before the court on motion of the defendants in error to affirm on certificate because of the failure of plaintiff in error to file the transcript in this court within the time provided by law. The record discloses that the trial court rendered final judgment on May 19, 1932. Apparently no motion for new trial was filed. On October 18, 1932, the plaintiff in error filed a petition for writ of error, and on October 29, 1932, filed the statutory affidavit in lieu of writ of error bond. Said affidavit was approved by the court on the same date. All of the defendants in error filed in the trial court their waivers of citation on the petition for writ of error on July 10, 1933. The time within which the transcript should have been filed in the Court of Civil Appeals expired on September 8, 1933. See Revised Statutes, article 1839, as amended in 1931 (chapter 66). The defendants in error filed their motion herein to affirm on certificate on September 30, 1933, during the term to which plaintiff in error's appeal was returnable. Under the provisions of Revised Statutes, article 1841, the defendants in error are entitled to have the judgment of the trial court affirmed. Beaver v. Beaver (Tex. Civ. App.) 57 S.W.(2d) 279, and cases there cited.

■ The plaintiff in error has filed herein a reply to the motion to affirm on certificate in which he asks for permission to file the transcript at this time and seeks to account for his failure to file same within the time allowed by law. He alleges, in substance, that he had citation on the petition for writ of error issued on October 31, 1932, and forwarded same to the constable at Teague in Freestone county for service on November 10, 1932; that said constable returned the citation unserved within a few days stating that the defendants in error resided at Fairfield; that he had a new citation issued on June 22, 1933, but could not remember what became of this citation nor why it was not served; that he had a third citation issued on October 12, 1933 (which was after the filing of the motion to affirm on certificate), and served on October 13, 1933; that he can and will file the transcript in this court within a day or two if permitted to do so. He asserts that the waiver of citation on the petition for writ of error was filed in the lower court without his knowledge, and that he did not discover that same had been filed until his time for filing the transcript had expired.

Without passing on the question as to whether plaintiff in error has satisfactorily accounted for his long delay in having the second citation issued after the return of the first one unserved in November, 1932, and whether he has accounted for his failure to sooner discover that the defendants in error had filed a waiver of citation, or whether he has otherwise shown good cause for not filing the transcript in this court within the time allowed by law, we are of the opinion that the plaintiff in error is not now entitled to file the transcript in this court at this late date even upon a showing of good cause. Under the provisions of Revised Statutes, article 1839, as amended in 1931, a plaintiff in error was required to file the transcript in the Court of Civil Appeals within sixty days from the perfection of the writ of error. By the same statute this court was authorized to grant additional time in which to file transcript, provided good cause therefor was shown before the expiration of such 60-day period. It has been held by the Commission of Appeals that a Court of Civil Appeals is without authority to grant additional time in which to file a transcript, though good cause exists therefor, unless a motion for such extension of time be filed in the Appellate Court within such 60-day period. Hunter v. Moore (Tex. Com. App.) 62 S.W.(2d) 97; Red v. Bounds (Tex. Com. App.) 63 S.W.(2d) 544. Since the plaintiff in error failed to file his motion for an extension of time within said 60-day period, he cannot now procure an extension of such time.

The motion for leave to file the transcript is overruled, the motion to affirm on certificate is granted, and the judgment of the trial court is affirmed.