## AMBURN v. CITY OF LUBBOCK.

### No. 4118.

Court of Civil Appeals of Texas. Amarillo. Dec. 6, 1933.

Rehearing Denied Jan. 8, 1934.

Chas. Nordyke, of Lubbock, for appellant.
Bean & Klett, of Lubbock, for appellee.

HALL, Chief Justice.

Appellant, Amburn, sought to recover of appellee the sum of $15,000 damages for injuries alleged to have been sustained by him while in the employ of the defendant. He charged that his injuries were the direct and proximate result of the negligence of defendant.

The case was tried to a jury, but at the conclusion of the testimony the court directed the jury to return a verdict in favor of defendant. From a judgment entered in accordance with the verdict, Amburn has attempted to appeal.

The judgment was rendered on February 14, 1933, and no motion for a new trial was ever filed.

The appellee by written stipulation appearing in the transcript waived the statutory provision requiring the appellant to file the transcript and statement of facts within sixty days from the date of notice of appeal and agreed that they might be filed at any time thereafter not later than the 15th day of May, 1933. We find amongst the papers of the case a subsequent agreement signed by appellee's attorneys that the time for filing transcript and statement of facts in this court should be extended so as to include the 20th day of May, 1933. This agreement was received and filed by the clerk of this court on May 19th, that being the day on which the transcript and statement of facts were received by the clerk. This was more than three months after notice of appeal had been given.

R. S. art. 1839 was amended by the Acts of the 42d Legislature, 1931, chapter 66. The purpose of the amendment was to permit the transcript to be filed in this court after the expiration of the sixty-day period, "provided, that for good cause shown before the expiration of such sixty day period, the Court shall

permit the transcript to be thereafter filed upon such terms as it shall prescribe." The Commission of Appeals has held that the showing upon which the appellant seeks to get an extension of time for filing the transcript must ·be made before the expiration of the sixty-day period, thus holding that the provision is mandatory. Red et al. v. Bounds et al. (Tex. Com. App.) 63 S.W.(2d) 544.

The 43d Legislature (Acts 1933, c. 67) again amended article 1839 (Vernon's Ann. Civ. St. art. 1839), requiring the appellant to file his transcript with the clerk of this court within sixty days from the final judgment, provided "by motion filed before, at, or within a reasonable time, not exceeding fifteen days, after the expiration of such sixty day period, showing good cause to have existed within such sixty day period" this court at its discretion might permit the transcript to be thereafter filed upon such terms as the court should prescribe.

 The stipulations of counsel above referred to do not give any reason for appellant's failure to file his transcript and statement of facts before the expiration of the sixty days or prior to May 19th—more than three months after notice of appeal was given. While it has been held that an agreement of counsel that the record may be filed here after the statutory time has expired shows good cause, it is also held that the appellant must file a motion and obtain the permission of this court before he is entitled to have his record filed. No motion has been filed by appellant in this case and we are not bound to respect the stipulations of counsel. The filing of a motion is a condition precedent to the right of appellant to file his record in this court. Wall v. Gillen (Tex. Civ. App.) 63 S.W.(2d) 270, in which the Austin court says: "No motion was filed in this court to extend the time or permit the filing of the record until July 11, 1933. In the recent case of Hunter v. Moore, 62 S.W.(2d) 97, 100 (opinion of Commission adopted by Supreme Court), it was held that, where the motion was not filed within the sixty-day period, the Court of Civil Appeals was without power to extend the time, 'even though good cause existed for failing to file within the time required by law.' This decision denies to the Court of Civil Appeals any discretion, when the motion is not so filed."

The court then refers to the amendment of this same article by the 42d Legislature, chapter 66, and the proviso that for good cause shown the court shall permit the transcript to be thereafter filed upon such terms as it shall prescribe, and says: "The amendment of this proviso evidences a deliberate legislative purpose to withhold from the Courts of Civil Appeals any discretion whatever to entertain a motion filed after the stated period. This view renders immaterial whether a good excuse for not filing the record within the statutory period is shown."

Since the appellant has never filed any motion requesting further time in which to file his record, even when more than ninety days has expired, we are not authorized to permit its filing. The appeal is therefore dismissed.