NEW AMSTERDAM CASUALTY COMPANY V. S. V. PUGH.

No. 6275.   Decided June 30, 1934.
Motion for Rehearing Overruled October 24, 1934.
(73 S. W., 2d Series, 94.)

*Painter, Alpha & Painter,* of Houston, for plaintiff in error.

The Court of Civil Appeals at San Antonio erred in its construction and interpretation of Article 1839 of the Revised Statutes of 1925, as amended by the Regular Session of the 42nd Legislature of Texas, page 100, chapter 66 and in denying plaintiff's in error motion for leave to file its transcript and record.   Austin v. Gulf, etc. Ry. Co., 45 Texas, 234; Lacy v. State Banking Board, 118 Texas 91, 11 S. W. (2d) 496; Texas Co. v. Schriener, 38 S. W. (2d) 141.

*Grindstaff, Zellers & Hutcheson,* of Weatherford, for defendant in error.

It was not error for the Court of Civil Appeals to refuse to file transcript in that court after the expiration of sixty days from the date the trial court overruled its motion for new trial. Texas & Pac. Ry. Co., v. Phillips, 45 S. W. (2d) 265; Walker v. Lyles, 45 S. W. (2d) 315; Reese v. Owens, 48 S. W. (2d) 697; Van Horn v. Hidalgo County Water Control & Imp. Dist. No. 1, 51 S. W. (2d) 641.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

This case was tried in the District Court of Nueces County, Texas, and judgment rendered in favor of defendant in error. Plaintiff in error filed its motion for a new trial which was overruled on December 18, 1931. Plaintiff in error perfected its appeal to the Court of Civil Appeals by in due time filing its appeal and supersedeas bonds. Plaintiff in error presented the transcript to the Court of Civil Appeals on February 24, 1932, which was more than sixty days after its motion for new trial was overruled by the district court. At the same time the transcript was presented to the Court of Civil Appeals plaintiff filed in said court a motion to file the transcript. This motion purports to show good cause for failing to file the transcript within the sixty days prescribed by Article 1832, as amended by Acts 42nd Legislature, p. 160, ch. 66, 1931. The motion, however, was filed after the sixty days had expired. The Court of Civil Appeals duly heard the above motion and overruled same on authority of Reasonover v. Reasonover (Civ. App.), 46 S. W. (2d) 362. Plaintiff in error has attempted to prosecute writ of error to the Supreme Court from the order of the Court of Civil Appeals overruling it motion to file the transcript in that court.

Article 1739, R. C. S. 1925, provides:

Art. 1739: "The Supreme Court may review final judgments of Courts of Civil Appeals upon writ of error, when good cause therefor be shown by application for such writ, as hereinafter required, the sufficiency of such cause to be determined as herein provided."

■ The order overruling motion to file the transcript above described is not a final judgment. It follows that this writ of error was improvidently granted.

■ Also since the granting of this writ the law question here involved has been settled adversely to plaintiff in error in Hunter v. Moore (Com. App. opinion adopted), 122 Texas, 583,

62 S. W. (2d) 97, and Red v. Bounds (Com. App. opinion adopted), 122 Texas, 614, 63 S. W. (2d) 544.

The writ of error is dismissed.

Opinion adopted by the Supreme Court June 30, 1934.