## PARKS et al. v. PURNELL et al.

### No. 3740.

Court of Civil Appeals of Texas. El Paso.

Sept. 22, 1938.

Rehearing Denied Oct. 20, 1938.

896

J. L. Goggans, of Dallas, for plaintiffs in error.

Locke, Locke, Stroud & Randolph, Hubert Johnson, and Maurice E. Purnell, all of Dallas, for defendants in error.

HIGGINS, Justice (after stating the case as above).

■ It is now well settled that the transcript must be filed in the Court of Civil Appeals in an appeal by writ of error within sixty days after the service of the writ, unless the time for filing the same has been extended by such Court upon motion filed within a reasonable time, not exceeding fifteen days, after the expiration of such sixty-day period. The Court of Civil Appeals is without authority to extend the time of filing the transcript beyond the sixty-day period except upon a motion showing good cause and filed within the fifteen-day period stated. Article 1839, supra; Reasonover v. Reasonover, Tex.Civ.App., 46 S.W.2d 382, writ refused; Walker v. Lyles, Tex.Civ.App., 45 S.W.2d 315; A. Harris & Company v. Boswell, Tex.Civ.App., Waco, 64 S.W.2d 1029; Stolz v. Wood Sherman Construction Co., Tex.Civ.App., San Antonio, 67 S.W.2d 412; E. M. Reese v. S. B. Owens, Tex. Civ.App., 48 S.W.2d 697; Id., 123 Tex. 493, 72 S.W.2d 1113; New Amsterdam Casualty Co. v. Pugh, 124 Tex. 34, 73 S. W.2d 94; Mineral Investing Corporation v. Bishop Cattle Co., 124 Tex. 387, 78 S. W.2d 174; Acola v. J. I. Case Co., Tex. Civ.App., El Paso, 57 S.W.2d 196; Mutual Protective Ass'n of Texas v. Dickinson, Tex.Civ.App., Dallas, 64 S.W.2d 407 (Reversing the former holding of the Dallas Court to the contrary); Amburn v. City of Lubbock, Tex.Civ.App., Amarillo, 66 S. W.2d 806; Green v. White, Tex.Civ.App., Waco, 65 S.W.2d 1112; Hidalgo County Water Control & Improvement District v. Van Horn, 125 Tex. 486, 84 S.W.2d 699.

■■ The statute was intended to expedite the prosecution of appeals and make the filing of the transcript in the Court of Civil Appeals compulsory within the sixty days or extension period as stated in the Act. The statute affords ample protection for an appellant or plaintiff in error who has good ground for not filing the same within the time stated. This protection is afforded by that provision of the law which authorizes the Court of Civil Appeals to extend the time upon motion filed within the fifteen-day period stated in the Act. In the present case the record was filed more than one year after the rendition and entry of the judgment in the lower court. The first motion for an extension of time for filing the record was made within the time prescribed by law. But the subsequent motions were filed long after the expiration of the time within which a Court of Civil Appeals has authority to entertain such a motion. There is nothing in the Act which could possibly be construed as authorizing the filing of subsequent motions for extension of time after the expiration of the fifteen-day period.

Plaintiffs in error invoke Rule 8 of the Court of Civil Appeals, which reads: "All motions relating to informalities in the manner of bringing a case into court shall be filed and entered by the clerk on the motion docket within thirty days after the filing of the transcript in the Court of Civil Appeals, otherwise the objection shall be considered as waived, if it can be waived by the party."

■ The motion to dismiss the writ of error was filed more than thirty days after the filing of the transcript in the Court of Civil Appeals, but the matter involves more than a mere informality. The delayed filing is one which cannot be waived.

In Hunter v. Moore, 122 Tex. 583, 62 S. W.2d 97, by the Commission of Appeals, it was said [page 99]:

"There is some conflict in the decisions of the various Courts of Civil Appeals as to whether such courts are authorized, under the terms of the amended act, to extend the time for filing the transcript unless the motion for such extension is made before the expiration of the sixty-day period allowed for the filing of the transcript.

"The Texarkana Court of Civil Appeals in Walker v. Lyles, 45 S.W.(2d) 315, the San Antonio Court in Reasonover v. Reasonover, 46 S.W.(2d) 382, the Eastland Court in Reed v. Indemnity Co., 47 S.W.

(2d) 860, and the Beaumont Court in Reese v. Owens, 48 S.W.(2d) 697, all held that the good cause described in the amended article 1839 must be shown before the expiration of the sixty-day period provided in the act. * * *

"The only express holding to the contrary is that made by the Dallas Court of Civil Appeals in the case of C. S. Hamilton Motor Co. v. Muckleroy, 46 S.W.(2d) 451. In that case, however, Chief Justice Jones filed a vigorous dissenting opinion in which he reviewed the history of the legislation on this subject and announced the conclusion that the amended act is susceptible of but one construction, and that is that the showing of good cause before the expiration of the sixty-day period is a condition prerequisite to the granting of an extension of time beyond the period provided in the statute.

"After a full consideration of the matter, we find ourselves in accord with the views so ably expressed on the subject by Chief Justice Jones in the case above referred to. The reasons upon which his conclusion is based are so clearly and concisely stated that we need do no more than refer to his opinion as correctly reflecting the views of this court on the subject."

The same question was again certified in Red v. Bounds, 1933, 122 Tex. 614, 63 S.W. 2d 544, opinion adopted by the Supreme Court, and was answered the same way. The Court said [page 546]:

"Since the amendment to article 1839 a different situation exists. The amended article requires the transcript to be filed within a period of sixty days from the date of final judgment or the order overruling the motion for new trial. The only exception to this provision is that the time may be extended if good cause is shown within the sixty-day period. If good cause is not shown during such period, then the transcript cannot be filed after the expiration of sixty days. * * *

"It is our conclusion that if the sixty-day period provided in article 1839 is allowed to expire without a motion being filed to extend the time, then the right to affirmance on certificate becomes absolute. On the other hand, if showing of good cause has been made during the sixty-day period, the right to affirmance on certificate would not exist until the additional time, allowed for filing the transcript has expired."

In Stolz v. Wood Sherman Construction Co., supra, Chief Justice Fly said:

"Since the motion of appellants was granted by this court, two opinions have been handed down by the Commission of Appeals and both adopted by the Supreme Court, in which it is in effect held that courts of appeal have no authority to entertain motions to file out of time, unless such motions are filed within the period of sixty days. In effect, these two opinions settle the question as to the right of the appellate courts to grant the filing of records out of time as being one of jurisdiction, and conclusively hold that these courts have no jurisdiction of a case where applications to file out of time have not been filed during the sixty-day period. This case cannot be distinguished from the referred to decisions of the Supreme Court, Hunter v. Moore [122 Tex. 583], 62 S.W.(2d) 97, and Red v. Bounds [122 Tex. 614], 63 S.W.(2d) 544, 546, on the ground of the consent of appellees to the filing of the record. If this court had no authority to consider a motion to file after the end of the sixty-day period fixed by the statute, that power could not be increased or completely given by agreement of the parties. In the last case cited the language of the Commission of Appeals is: 'It was manifestly the purpose of the amendment to the statute in question to deal exclusively with the subject of the time in which the transcript should be filed in the Court of Civil Appeals and to limit the authority of the Court of Civil Appeals so as to prevent its extending the time for filing the transcript in that court unless application for the extension should be made within the sixty-day period.'

"In other words, the question of the right to file the record being one of jurisdiction, the statute (Rev.St.1925, art. 1839, as amended by Acts 1931, c. 66) granting such jurisdiction cannot be altered or enlarged by agreement of the parties.

"This appeal will be dismissed for want of jurisdiction."

See, also, Amburn v. City of Lubbock and Hidalgo County Water Control & Improvement Dist. v. Van Horn, both supra.

The writ of error is dismissed.