### GARRETT v. MERCANTILE NAT. BANK AT DALLAS et al.

### No. 4253.

Court of Civil Appeals of Texas. El Paso.

Nov. 19, 1942.

Rehearing Denied Dec. 10, 1942.

Dibrell, South & Snodgrass, of Coleman, for appellant.

Golden, Croley & Howell, of Dallas, for appellees.

McGILL, Commissioner.

This is an appeal from a judgment of the 101st Judicial District Court of Dallas County. An inspection of the transcript reveals that the judgment was rendered September 8, 1941. Amended motion for new trial was overruled on December 13, 1941. Notice of appeal was immediately given, and appeal bond filed January 8, 1942. The transcript was received by the Clerk of the Court of Civil Appeals, Fifth Supreme Judicial District, on March 3, 1942, and filed by him as of that date by direction of the Court.

The case has been transferred to this Court, by authority of the Supreme Court.

▓▓ It will be noted that the transcript was received by the Clerk on the eightieth day from the order overruling the motion for new trial. Rule 386, Rules of Civil Procedure, requires that the transcript be filed with the clerk within sixty days from such order; provided, by motion filed, before, at, or within a reasonable time, not exceeding fifteen days after the expiration of such sixty-day period, showing good cause to have existed within such sixty-day period why said transcript could not be so filed, the Court may permit the same to be thereafter filed upon such terms as it shall prescribe. This rule incorporates, with minor changes, Art. 1839, R.C.S.1925, as amended in 1939 by H.B. 28, Acts of the 46th Legislature, effective January 1, 1940, General Laws 46th Legislature, Vol. 1, p. 58, c. 1, Vernon's Ann.Civ.St. art. 1839.

In construing a similar provision (amendment to Art. 1839, Acts 42nd Legislature (1931), p. 100, c. 66, sec. 1), it was held that the Court of Civil Appeals was without authority to extend the time for filing the transcript where motion was filed after the sixty-day period allowed, although good cause existed for failure to file within the sixty-day period. Hunter v. Moore, 122 Tex. 583, 62 S.W.2d 97;

Red v. Bounds, 122 Tex. 614, 63 S.W.2d 544; New Amsterdam Casualty Co. v. Pugh, 124 Tex. 34, 73 S.W.2d 94.

And in construing the statute as amended in 1939, the Supreme Court said: "Simply stated, our construction is that the intent of the present statute is to clothe the Court of Civil Appeals with jurisdiction to grant extensions for filing transcripts and statements of fact on motions filed after the seventy-five-day period named in the statute, provided its jurisdiction over the question of extension has first been invoked by a motion filed within such seventy-five-day period." Parks v. Purnell, 135 Tex. 182, 141 S.W.2d 585, 586.

We think these decisions are controlling. No motion for an extension was filed within the seventy-five-day period provided by Rule 386, nor, indeed, has such motion been filed at all. Therefore the Court of Civil Appeals for the Fifth Supreme Judicial District acquired no jurisdiction, and this Court has none.

■ Though appellee, Mercantile National Bank at Dallas has not raised the question of jurisdiction in its brief, nor has appellant briefed the question, it appears from correspondence between appellant's attorney and the Clerk of the Court of Civil Appeals for the Fifth Supreme Judicial District, that appellant contends that the procedure in this appeal is governed by Sec. 31 of Art. 2092, R.C.S. 1925, as amended, H.B. 1074, Acts of the 46th Legislature, which became effective June 7, 1939. Vol. 1, Gen.Laws 46th Legislature, Regular Session, p. 205, c. 28, sec. 1, Vernon's Ann.Civ.St. art. 2092, subd. 31. Subsection 31 of Sec. 1 of this Act provides for ninety days after overruling motion for new trial for filing statement of facts or bills of exception in appeals governed by the Act. This was held to apply also to filing of the transcript in Hanks v. Texas Employers Ins. Ass'n, 133 Tex. 187, 128 S.W.2d 1. Appellant's theory seems to be that since this act became effective after May 15, 1939, the effective date of H.B. No. 108, Acts of the 46th Legislature, Regular Session, Vol. 1, Gen.Laws, 46th Leg., Reg. Ses. p. 201, c. 25, Vernon's Ann. Civ.St. art. 1731a, which vested the rulemaking power in the Supreme Court, it was not repealed by Sec. 1 of that Act. Hanks v. Texas Employers Ins. Ass'n, supra, is relied on in support of this theory.

In our opinion this case has no application. It was decided May 17, 1939, before the effective date of subsection 31 of Sec. 1 of H.B. 1074, supra, and before the Rules of Civil Procedure were promulgated and adopted by the Supreme Court by orders of October 29, 1940 and March 31, 1941, and long before September 1, 1941, the date they became effective under the provisions of Sec. 2 of H.B. No. 108, Acts of the 46th Leg., supra. H.B. 1074, supra, contained no repealing clause. Sec. 3 of H.B. 108, supra, required the Supreme Court, at the time it filed the rules, to file with the Secretary of State a list of all articles or sections of the General Laws of the State and parts of articles and sections of such General Laws which in its judgment were repealed by Sec. 1 of the Act; and further provides that such list, giving the construction of the Supreme Court as to the General Laws and parts of laws repealed by Sec. 1, shall have the same effect as any other decision of the Supreme Court. Among the list of repealed statutes filed by the Supreme Court in compliance with Sec. 3 (see Order of Supreme Court Adopting Amendments, March 31, 1941, Vol. IV Texas Bar Journal, No. 10, p. 623), was Art. 2092, Sec. 31, R.C.S. 1925, as amended, subsec. 31, Sec. 1, of H.B. 1074, supra. Vol. IV, Texas Bar Journal, No. 10, page 609; Vernon's Texas Rules Civil Procedure, Franki, p. 628. We pretermit a discussion of whether the above provision of Sec. 3 could have its stated effect of constituting the Supreme Court's action, in filing the list, a judgment of that Court as to repeal of the statutes therein listed. Suffice it to say that such action is at least persuasive that the Supreme Court did entertain such view. This is especially so, in view of the express provisions of Rules 2 and 819, Rules of Civil Procedure.

In our opinion, Sec. 31 of Art. 2092, R.C.S.1925, as amended, was repealed by Sec. 1 of H.B. 108, Acts of the 46th Legislature, supra. It follows that Rule 386, Rules of Civil Procedure, is controlling in the disposition of this appeal. This view finds support in the opinion in Rhodes v. Turner, Tex.Civ.App., 164 S.W.2d 743. It is ordered that the appeal be dismissed.

Dismissed.

This opinion directed to be written and is adopted by the Court.

WALTHALL, J., not participating.