

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 12, 1971

Honorable Preston Smith
Governor of Texas
State Capitol
Austin, Texas

Opinion No. M- 928

Re: Several questions relating
to membership and operation
of Regional Planning Com-
missions resulting from
S.B. 242, Acts 62nd Leg.,
R.S., 1971. RQ 1037.

Dear Governor Smith:

You have requested our opinion on questions pertaining to Article 1011m, Vernon's Civil Statutes, and its amendment by Senate Bill 242 passed by the 62nd Legislature as follows:

"1. Section 1, Subsection B, defines 'govern-
mental unit' as a county, city, town, village,
authority, district or other political subdivision
of the State. However, it is not clear if this
definition is actually intended to limit Commission
membership to 'governmental units', as defined.
There are references in the Act to 'participating
governmental units' and Section 3, Subsection (a)
limits the creation of a Commission to 'two or more
general purpose governmental units'. Is there any
limitation however, on what organization, public or
private, may become members after the Commission is
organized? As an example, can a state supported
college or university become a 'member' of a Com-
mission?

"2. What is the definition of 'governing body'?

"3. Is there any provision in the Act which
clarifies who may be considered 'elected officials
of general purpose governmental units'?

"4.  Are regional planning commissions, either
by Article 1011m or any other Act., required to
provide their employees with workmen's compensation
benefits?  If not mandatory, is there any provision
which would preclude a Commission from voluntarily
providing such benefits?"

In answer to part of your first question, we do not
believe that a <u>private</u> organization may become a member of a
Commission either at the time of the Commission's creation or
thereafter.  There is no authority in Article 1011m or its
amendment that confers this privilege on a private institution.
Further, there is logic to the argument that such has not been
the legislative intent.  Section 4 (a) of Senate Bill 242, carried
over in part from the same section in Article 1011m, Section 4,
states in part as follows:

"Section 4.  Powers.  (a)  Under this Act, a
Regional Planning Commission shall be a political
subdivision of this State, . . . "

If a private organization were allowed to become a mem-
ber of the Commission. the private organization would achieve a
status and possible benefits to which it would not otherwise be
entitled under the law.

The creation of a commission, as set out in Section 3
of the act is limited to " . . ; two or more general purpose
units."  Section 1 F states:

"'General purpose governmental unit' means a
county or incorporated municipality."

It is a well established principle of law that a statute
shall be construed so as to accomplish its purpose rather than to
defeat such purpose.  <u>Texas Co. v. Schriewer</u>, 38 S.W. 2d 141 (Tex.
Civ.App. 1931), mod. on other grounds 53 S.W. 2d 774; <u>Red v. Bounds</u>,
122 Tex. 614, 63 S.W. 2d 544 (1933).

Sections 3 and 1 F must therefore be read in light of the purpose of the act set out in Article 1011m, Section 2, as follows:

"The purpose of this Act is to encourage and permit local units of government to join and cooperate with one another to improve the health, safety and general welfare of their citizens; to plan for the future development of communities, areas, and regions to the end that transportation systems may be more carefully planned; that communities, areas, and regions grow with adequate street, utility, health, educational, recreational, and other essential facilities; that needs of agriculture, business, and industry be recognized; that residential areas provide healthy surroundings for family life; that historical and cultural value be preserved; and that the growth of the communities, areas, and regions is commensurate with and promotive of the efficient and economical use of public funds."

Governmental units are defined in Article 1011m, Section 1 B as follows:

"'Governmental Unit' means any county, city, town, village, authority, district or other political subdivision of the state."

We therefore hold that the creation of a commission is limited to general purpose governmental units, to wit: counties or incorporated municipalities. Thereafter the membership in the commission may be offered to those governmental units as defined in Article 1011m, Section 1 B above and in Section 5 wherein it states in part as follows:

" . . . The joint agreement may allow for the addition of other governmental units to the cooperative arrangement." (Emphasis added.)

In answer to your second question, we find no definition of "governing body" in the act or amendment. The conduct of the internal affairs of the commission is set out in Section 5 which reads as follows:

"Operations. The cooperating governmental units may through joint agreement determine the number and qualifications of the governing body of the Commission. The governing body of the Commission shall consist of at least sixty-six and two-thirds percent (66-2/3%) elected officials of general purpose governmental units. The joint agreement may provide for the manner of co-operation and the means and method of the operation of the Commission. The joint agreement may provide a method for the employment of the staff and consultants, the apportionment of the cost and expenses, and the purchase of property and materials. The joint agreement may allow for the addition of other governmental units to the cooperative arrangement."

Your letter relates that each commission has a general membership body and an executive board of directors. Such organization is not specified by the statute, but we believe it is allowed at the discretion of the cooperating governmental units; they " . . . provide for the manner of cooperation and the means and method of the operation of the Commission" as set out in Section 5. The term "governing body" therefore means whatever the cooperative governmental units agree that it means.

In answer to your third question, we find that there is no limitation in the act as to which elected officials of general purpose governmental units are to be members of the governing body. We assume that each general purpose governmental unit will appropriately designate its desired "elected official" or "officials" to represent that unit on the commission.

Answering your fourth question, we find that it is not mandatory that a regional planning commission provide its employees with workmen's compensation insurance. In the event a regional planning commission desires to provide workmen's compensation insurance for its employees, there is an abundance of authority to support its decision.

-4531-

It is observed that Section 4 of Senate Bill 242, as such section of Article 1011m it amends, declares that a Regional Planning Commission shall be a political subdivision of the State. Article III, Section 60. Constitution of the State of Texas. gives authority for the legislature to pass laws enabling " . . other political subdivisions of the State to provide Workmen s Compensation Insurance . . . ".

It is also noted that Senate Bill 242, Section 3(a) reads in part as follows:

"(a)  Any two or more general purpose governmental units may join in the exercise  performance, and cooperation of planning  power. duties, and functions as provided by law for any or all such governmental units."

Inasmuch as counties are authorized by statute to provide Workmen's Compensation Insurance for their employees. Article 8309 C, as are cities, Article 8309 e. the component governmental units and the Regional Planning Commission may likewise provide employees with Workmen's Compensation Insurance coverage.

## S U M M A R Y

Regional Planning Commissions may be created by two or more counties and/or incorporated municipalities.

After a Regional Planning Commission is created, membership may be extended to other counties, cities, towns, villages. authorities, districts or other political subdivisions of the state.

Private organizations, as opposed to public organizations, may not become members of a Regional Planning Commission.

The governing body of a Regional Planning Commission is determined by agreement between its members.

"Elected officials of general purpose govern-
mental units," extends to any person elected to office
in a county or city government.

Regional Planning Commissions are not required
to provide Workmen's Compensation Insurance coverage
for its employees, but have authority to do so if the
commission so desires.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Melvin E. Corley
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Sam Jones
Howard Fender
Scott Garrison
S. J. Aronson

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant