## MINERAL INVESTING CORPORATION v. BISHOP CATTLE CO. et al.

### No. 8807.

Court of Civil Appeals of Texas. San Antonio.

April 6, 1932.

Rehearing Denied May 11, 1932.

Wm. K. Hall and T. J. Lawhon, Jr., both Houston, for appellant.

Boone & Raymer and Allen V. Davis, all of Corpus Christi, for appellees.

FLY, C. J.

The Magnolia Petroleum Company, a corporation, instituted this suit against Otto Kieschnick, the Texas Company, the Bishop Cattle Company, and the appellant. The suit was dismissed as to Kieschnick and the Texas Company. The suit was brought to ascertain the party to whom certain rents for mineral rights should be paid; the amount due being $480. The court decreed that the amount was the property of the Bishop Cattle Company.

We adopt the findings of fact of the trial judge which contains a full statement of the matters involved in the cause. The findings are:

"On the 1st day of November, 1925, Otto Kieschnick and others were the owners of the fee simple title to the following described three tracts of land, situated in Duval County, Texas, to-wit:

"All of Section 136, Certificate 179, Abstract No. 1622, G. B. & C. N. G. Railroad Company, containing 640 acres, more or less; and all of Section 134, Certificate 178, Abstract No. 1626, G. B. & C. N. G. Railroad Company, containing 640 acres, more or less; and all of Section 248, Certificate 170, Abstract No. 1625, G. B. & C. N. G. Railroad Company, containing 640 acres, more or less; and on said date, executed and delivered to Mrs. C. A. Kincaid, as lessee, an oil, gas mining lease covering said land, which lease is marked "Exhibit A" of the plaintiff's petition; that said lease is a valid and subsisting lease, and is owned by the Magnolia Petroleum Company, the plaintiff herein, as alleged in its petition.

"On the 6th day of September, 1928, Otto Kieschnick owned and held the fee simple title to said land subject to the terms and conditions of the aforesaid oil and gas lease and on said date Otto Kieschnick executed and delivered to R. E. Breeding a mineral deed conveying unto the said R. E. Breeding a one-half interest in and to all of the oil, gas, sulphur and other minerals in the lands described in said lease, which deed also purported to convey to the said R. E. Breeding certain rights and privileges, royalties and rentals under said oil and gas lease, which mineral deed is marked 'Exhibit D' of the plaintiff's petition filed herein; and the Mineral Investing Corporation is now the owner

of all the rights, title and interest in said land and all rights and privileges, royalties and rentals under said oil and gas lease, as conveyed by the said Otto Kieschnick to the said R. E. Breeding as aforesaid.

"By various and sundry warranty deeds, the defendant Bishop Cattle Company has acquired and now holds the fee simple title to said three tracts of land, subject to the terms and conditions of the aforesaid oil and gas lease owned by the plaintiff Magnolia Petroleum Company, and also subject to the rights, titles, interests, privileges, royalties and rents owned by the defendant Mineral Investing Corporation, as conveyed in the aforesaid mineral deed from Otto Kieschnick to R. E. Breeding, dated the 6th day of September, 1928, aforesaid.

"The aforesaid oil and gas lease provides that if the lessee or other owner of said lease fails to begin operations for the drilling of a well on said land on or before November 1, 1930, the said lease will terminate unless on or before said date the owner of said lease pays to the lessors or their assigns the sum of Nine Hundred and Sixty ($960.00) Dollars for the privilege of deferring the commencement of a well on said land for one year, and the plaintiff the Magnolia Petroleum Company, as the owner of said lease elected to pay said sum of Nine Hundred and Sixty ($960.00) Dollars for the privilege of deferring the commencement of a well on said land for one year from and after November 1, 1930; the Bishop Cattle Company as the owner of the fee or surface to said land claims the right to receive the whole of said sum of $960.00, and the Mineral Investing Corporation as the assignee of R. E. Breeding under the aforesaid mineral deed from Otto Kieschnick, bearing date the 6th day of September, 1928, claims the right to receive one-half of said payment of $960.00, due for the privilege of extending the time for beginning a well on said land as aforesaid, and the Magnolia Petroleum Company, claiming that the conveyance from Otto Kieschnick to R. E. Breeding aforesaid, is ambiguous and uncertain in so far as the terms of said conveyance conveys or reserves or otherwise treats of the right to receive one-half of said sum of $960.00, has tendered one-half of said sum or $480.00 into this court and has impleaded the other parties hereto as defendants.

■ "The aforesaid mineral deed from Otto Kieschnick was drawn and prepared with the use of a printed form and in said mineral deed there is the following written and printed matter, the words written in on a typewriter and with pen and ink being underlined:

" 'And the said above described lands being now under an oil and gas lease originally executed in favor of Mrs. C. A. Kincaid and now held by Magnolia Petroleum Company it is understood and agreed that this sale is made subject to said lease, but covers and includes one half of all the oil royalty and gas rental or other royalties and rentals due and to be paid hereafter under the terms of said lease.'

"Immediately following the above quotation in said mineral deed there were the following printed words, all of which were marked through by continuous lines of 'X's' made with a typewriter:

" 'It is agreed and understood that . . . . . . of the money rentals which may be paid to extend the term within which a well may be begun under the terms of said lease is to to be paid to the said . . . . . . . .'

"The plaintiff Magnolia Petroleum Company reasonably and necessarily expended the sum of One Hundred Fifty Dollars ($150.-00) in prosecuting this suit, as attorneys fees and expenses."

Kieschnick conveyed to one Breeding certain property, consisting of oil and gas rentals, as follows:

"One half interest in and to all of the oil, gas, sulphur and other minerals in and under and that may be produced from the following described land, situated in Duval County, Texas, to-wit: * * *

"And the said above described lands being now under an oil and gas lease originally executed in favor of Mrs. C. A. Kincaid and now held by Magnolia Petroleum Company it is understood and agreed that this sale is made subject to said lease, but covers and includes one-half of all the oil royalty and gas rental or other royalties and rentals due and to be paid hereafter under the terms of said lease."

We think the court correctly held, in construing the foregoing conveyance, that "it was not the purpose of said mineral deed and it did not have the effect to convey to the said R. E. Breeding the right to receive one-half of the money rentals which may be paid to extend the term within which a well may be begun on said land under the terms of said lease."

■■ Certain words had been deleted from the contract, and in that condition it was presented to the court. The parts stricken out, presumably before it was signed, could not be considered in the construction of the contract. The construction by the court was the correct one, and the assignments of error assailing such construction are overruled. The assignment as to the attorney's fee allowed to Magnolia Petroleum Company is not copied into the brief and, of course, is abandoned.

The judgment is affirmed.