UNION ASSURANCE SOCIETY, LIMITED, v. EQUITABLE TRUST COMPANY ET AL.

No. 6076. Decided March 15, 1933.
(58 S. W., 2d Series, 58.)

*Thompson, Knight, Baker & Harris*, of Dallas, for appellant.

That appellant had right to file transcript because the time was extended for the same percentage of the sixty-day time as was unexpired under the original ninety-day time. Texas & Pac. Ry. Co. v. Phillips (Civ. App.), 45 S. W. (2d) 265; Evans v. Galbraith-Foxworth (Civ. App.), 43 S. W. (2d) 482; Fidelity Union v. Farmers Lumber Co. (Civ. App.), 43 S. W.

(2d) 147; Walker v. Lyles, (Civ. App.), 45 S. W. (2d) 315; Shambaugh v. Wilson (Civ. App.), 51 S. W. (2d) 637.

The right to file the transcript in the Court of Civil Appeals was unaffected by the law which went into effect in August, 1931; that the appellant had ninety days, as provided by the prior law, for that purpose, and that the Court of Civil Appeals had the right, for good cause shown, after the sixty-day period to permit the record to be filed. Bruton v. Texas Power & Light Co. (Civ. App.), 44 S. W. (2d) 462; Hope Oil Co. v. Humble Oil Co. (Civ. App.), 43 S. W. (2d) 272; Hamilton Motor Co. v. Muckleroy (Civ. App.), 46 S. W. (2d) 451.

*Smith & Smith*, of Fort Worth, and *Benjamin Chilton*, of Dallas, for appellee.

That transcript should have been filed within sixty days from date of order appealed from, as required by amended Article 1839, R. S., 1925 (Acts, 1931, Reg. Ses., Ch. 66), and not having been filed within that time should not be considered. Phil H. Pierce v. Watkins, Dist. Judge, 114 Texas, 153, 263 S. W., 905.

MR. JUDGE SHARP delivered the opinion of the Commission of Appeals, Section A.

The Honorable Court of Civil Appeals has certified to the Supreme Court the following statement and question:

"In the above styled suit, the Union Assurance Society, Limited, has attempted to prosecute an appeal to this court from a judgment rendered against it by the District Court of Tarrant County for the 96th Judicial District, on July 15, 1931, on a policy of insurance issued by it covering a house which was destroyed by fire. The judgment was actually rendered, nunc pro tunc, on July 30, 1931, as of date July 15, 1931.

"The case was tried before the court without a jury and the judgment recites that the appellant gave notice of appeal at the time the same was rendered. No motion for new trial was ever filed. On August 13, 1931, appellant filed an appeal bond which was duly approved on that date. On October 6, 1931, appellant tendered to the clerk of this court a transcript and statement of facts which was retained by the clerk, but he refused to file the same unless appellant would first procure an order of this court granting permission for such filing.

"On October 8, 1931, appellees filed a motion to affirm the judgment of the trial court upon the certificate of the district clerk reciting, in due form, the rendition of the judgment in

the trial court; and of the filing in the trial court the following instruments: An appeal bond on August 13, 1931; assignments of error on August 13, 1931; a statement of facts on September 9, 1931; the trial judge's findings of facts and conclusions of law on September 12, 1931; supplemental assignments of error on September 14, 1931; and the delivery of the transcript to appellants on September 26, 1931.

"On October 9, 1931, which was one day later than the filing of appellees' motion to affirm on certificate, appellant filed in this court a motion for leave to file the transcript and statement of facts, together with a showing of excuses for failure to sooner file the record, and which excuses are shown in the motion which will accompany this certificate and therefore will not here be recited. The motion also embodies a resistance to the application of appellees to affirm on certificate.

"The motion for leave to now file the transcript and also the motion to affirm on certificate are both pending and undetermined in this court. In view of the uncertainty arising from the act of the 42nd Legislature, regular session, the same being chapter 66, on page 100, amending article 1839 of the former statutes, and which became effective August 23, 1931, and in view of the fact that similar questions have arisen in several other cases now before us, we deem it advisable to certify to your Honors the following question:

"Should or should not the motion of appellant, for leave to file the transcript and statement of facts now and thereby defeat appellees' motion for affirmance on certificate, be granted?"

The foregoing question involves the construction of our statutes regulating appeals from the trial court to the Court of Civil Appeals. Article 1839, R. S., 1925, which was in effect at the time an appeal was perfected from the judgment entered in the trial court in this cause, reads as follows:

"In appeal or writ of error, the appellant or plaintiff in error shall file the transcript with the clerk of the Court of Civil Appeals within ninety days from the perfection of the appeal or service of the writ of error; provided, that for good cause, the court may permit the transcript to be thereafter filed upon such terms as it may prescribe."

This article was amended by the Acts of 1931, 42nd Legislature, page 100, Chapter 66, section 1; went into effect ninety days after May 23, 1931, and as amended reads:

"In appeal or Writ of Error the appellant or plaintiff in error shall file the transcript with the Clerk of the Court of Civil Appeals within sixty days from the final Judgment or

Order overruling motion for new trial, or perfection of the Writ of Error; provided, that for good cause shown before the expiration of such sixty day period, the Court shall permit the transcript to be thereafter filed upon such terms as it shall prescribe."

■ The Supreme Court of this State has announced the rule in the construction of statutes changing the time within which appeals may be made, that as to the statutes of limitation where a different period is substituted, is that the new law will control, provided that reasonable time is givin within which to prosecute appeal. Odum v. Garner, 86 Texas, 374, 25 S. W., 18; Wright v. Hardie, 88 Texas, 653, 32 S. W., 885; 3 Texas Jurisprudence, pp. 272 and 273, section 178, and cases cited. The case of Odum v. Garner, supra, involved the construction of the Acts of 1892, Chap. 17, p. 43, Laws of the 22nd Legislature, prescribing that writs of error from judgments in the district and county courts, in cases where same is allowed, may be sued out at any time within twelve months after the final judgment is rendered and not thereafter, and the court held that the law applied to judgments rendered before that law went into effect. The court then discussed and answered the question as to what period of time should be held to bar the right to a writ of error from a judgment rendered before the time that the new law took effect. It was held in that case that the time allowed was reasonable and discussed the change in the statutory period within which an appeal may be taken applicable to judgments rendered prior to the taking effect of the new law, and stated the rule in the following language:

"Our Supreme Court has adopted the rule, that upon the substitution of a new term of limitation, the time which elapsed under the former law will be counted in the ratio that it bears to the whole period, and the time of the new law will be computed upon the basis of the ratio that the unexpired time under the old law bears to the whole time. That is, that if under the old law two-thirds of the time had expired, then one-third of the new law would be allowed within which to sue. Gautier v. Franklin, 1 Texas, 732. The same rules should be applied in construing this statute as in construing statutes of limitation of actions. Wade on Retroactive Law, sec. 232; Howell v. Howell, 15 Wis., 57; 23 Am. and Eng. Encycl. of Law, 450."

The law under consideration having furnished the litigants involved here a reasonable time within which to perfect an appeal, meets the requirements of the rule announced in the case of Odum v. Garner as well as the necessities of this case.

The following controlling facts appear. Judgment was rendered on July 30, 1931, as of date July 15, 1931. No motion for new trial was filed. On August 13, 1931, plaintiff in error filed an appeal bond, which was duly approved on that date. On October 6, 1931, plaintiff in error tendered to the Clerk of the Court of Civil Appeals a transcript and statement of facts which was retained but not filed. On October 8, 1931, defendants in error filed a motion to affirm on certificate the judgment of the trial court. On October 9, 1931, which was one day later than the filing of the motion to affirm on certificate, plaintiff in error filed in the Court of Civil Appeals a motion for leave to file the transcript and statement of facts, together with a statement setting out the excuses for failure to sooner file the record.

The appeal in this cause was perfected August 13, 1931, when the appeal bond was filed and approved. The original article, 1839, allowed plaintiff in error ninety days from the perfection of its appeal in which to file a transcript in the Court of Civil Appeals. As amended, that article now requires the transcript to be filed in the Court of Civil Appeals "within sixty days from the final judgment or order overruling motion for new trial." Under the original article then in force plaintiff in error was allowed ninety days from August 13, 1931, in which to file the transcript in the Court of Civil Appeals. The amended law took effect ninety days from May 23, 1931, which was August 22, 1931. Article 3, sec. 39, Const.; Halbert v. San Saba Springs Land & Livestock Assn., 89 Texas, 230, 34 S. W., 639; 49 L. R. A., 193.

■ If the new law was to control independently of the provisions of the old law, then plaintiff in error was required to file the transcript within sixty days from the date of the rendition of the judgment in the trial court. But such rule does not control in this cause. It appears that at the time the amended article took effect nine days under the original law had expired, that is nine-ninetieths of such time had expired when the amended article prescribing sixty days within which to file the transcript became effective. Using the rule announced by the Supreme Court as a basis to compute the time, plaintiff in error was entitled to eighty-one-ninetieths of the sixty-day period allowed by law, in which to file the transcript, which would be 54 days. By adding 54 days to August 22, 1931, carries the time to October 15, 1931. Therefore, plaintiff in error had up to and including the 15th day of October, 1931, in which to file the transcript after the amended article took

effect. The transcript having been tendered on October 6, 1931, was in time under the amended law and should have been filed.

The foregoing question is answered "yes."

We therefore recommend that the above question be answered as indicated.

Certified question answered and ordered certified.

C. M. CURETON, Chief Justice.