SAM J. HUNTER ET AL V. MRS. FRANCES STEWART MOORE.

No. 6075. Decided June 24, 1933.
(62 S. W., 2d Series, 97.)

*Sam J. Hunter,* of Fort Worth, for appellant.

*Cantey, Hanger & McMahon,* of Fort Worth, and *Julian B. Mastin,* of Dallas, for appellee.

MR. JUDGE LEDDY delivered the opinion of the Commission of Appeals, Section B.

This is a certified question by the Honorable Court of Civil Appeals for the Second Supreme Judicial District. The question presented for determination is shown by the following certificate made by that Court:

"In this suit appellant Sam J. Hunter sued for an attorney's fee claiming to be due him by Mrs. Frances Stewart Moore. The trial court submitted the case upon one special issue, towit:

" 'What amount, if any, would be fair and reasonable compensation for the plaintiffs as attorney's fees for services rendered, if any, to the defendant herein?

" 'Answer: $2620 plus $640.00, making total of Forty two Hundred and Sixty Dollars *(?)*, which is compensation already received.'

"Whereupon the court rendered judgment for defendant on April 22, 1930, and the plaintiff has appealed.

"On January 22, 1931, plaintiff's attorneys filed for him an amended motion for new trial, reciting that the original motion for new trial had been filed April 24, 1930, but which

original is not in the record before us. After said attorneys had declined to further represent him in the case, and on March 30, 1931, plaintiff in his own proper person filed a second amended motion for a new trial, which was overruled on May 9, 1931, and from which order the appeal is prosecuted. Plaintiff's former attorneys did not appear for him when that action was taken.

"On June 8, 1931, the trial court approved plaintiff's affidavit of inability to pay costs of appeal, filed in lieu of appeal bond. On August 8, 1931, appellant, Sam J. Hunter, moved this court to grant him additional time to finish and file his transcript and statement of facts in this cause. He stated that he has been for nearly a year afflicted with broken ribs which never healed and that he has suffered intense pain and anguish therefrom; that he was absolutely unable to work, owing to physical disability and mental disturbances since the case was tried; that he could not think clearly and satisfactorily. He prayed that as much as two weeks time from August 8, 1931, be allowed him in which to file his transcript and statement of facts. That motion was granted orally in vacation by two of the judges of this court, although the order was not entered on the docket.

"On October 6, 1931, Judge Hunter filed his second motion for extension of time to file transcript and statement of facts, in which he stated that he had not gotten up the transcript and statement of facts in time to have filed in this court within the 90 days, and especially within the 60 days under the new statute, until October 6, 1931. That he received a severe fall about six months before this case was tried in which he suffered two broken ribs and that he had had trouble from this injury ever since. That he had filed a motion heretofore to have the time extended, and that two of the judges of this Court of Civil Appeals extended the time, granting him two weeks in which to get the transcript and statement of facts ready for filing, thus extending the time until August 23, 1931. That the next day he lifted a very heavy bee hive and experienced sharp pain in his side so that he was unable to finish the assignments of error, and that he had trouble in getting the second copy of the Q and A statement of facts delivered to him by the district court clerk, and had not secured from the district clerk the transcript and statement of facts until October 5, 1931.

"We are not thoroughly agreed as to whether or not under the facts shown we are authorized to allow Judge Hunter the extension of time prayed for, and by reason of the importance

of the question, your answer to which will probably have a material bearing on other cases, we submit to your Honors the following question:

"Under the facts shown, is this court authorized to permit the filing of the transcript and statement of facts presented on October 6, 1931?"

Appellants' appeal was perfected on June 8, 1931, by the approval of his affidavit of inability to pay costs of appeal. At the time the appeal was perfected the period in which the transcript ·was required to be filed in the Court of Civil Appeals was governed by Article 1839, R. C. S., 1925, which provides as follows:

"In appeal or writ of error, the appellant or plaintiff in error shall file the transcript with the clerk of the Court of Civil Appeals within ninety days from the perfection of the appeal or service of the writ of error; provided, that for good cause, the court· may permit the transcript to be thereafter filed upon such terms as it may prescribe."

The 42nd Legislature at its regular session, c. 66, sec. 1, amended this act so as to read as follows:

"In appeal or Writ of Error the appellant or plaintiff in error shall file the transcript with the. Clerk of the Court of Civil Appeals within sixty days from the final Judgment or Order overruling motion for new trial, or perfection of the Writ of Error; provided, that for good cause shown *before the expiration of such sixty day period,* the Court shall permit the transcript to be thereafter filed upon such terms as it shall prescribe." (Italics ours).

The amended act became effective on August 22, 1932. Union Assurance Soc., Ltd., v. Equitable Trust Co, 122 Texas, 293, 58 S. W. (2d) 58.

█ The amended statute changing the period within which the transcript may be filed on appeal or writ of error has been held applicable to judgments rendered prior to the taking effect of such statute. When a portion of the time has already expired under the existing statute, the rule as to computing the time within which the transcript must be filed under the new law is declared to be that the time which has already elapsed under the old law at the time the new law becomes effective will be counted in the ratio that it bears to the whole period and the time allowed under the new law will be computed upon the basis of the ratio that the unexpired time under the old. law bears to the whole time. In other words, if two-thirds of the time had expired under the old law· when the new law became

effective, then one-third of the time allowed by the new law would be added to the time already elapsed for the filing of the transcript in the Court of Civil Appeals. Union Assurance Soc. v. Equitable Trust Co., supra; Odum v. Garner, 86 Texas, 374, 25 S. W., 18; Wright v. Hardie, 88 Texas, 653, 32 S. W., 885; Evans v. Galbraith-Foxworth Lbr. Co. (Civ. App.), 43 S. W. (2d) 481; Texas Pacific Ry. Co. v. Phillips (Civ. App.), 45 S. W. (2d) 265; 3 Tex. Juris., pp. 272-3, sec. 178, and cases there cited.

The time for filing the transcript by appellant began to run on June 8, 1931, the date on which his appeal was perfected. Under the old law appellant had until September 6th in which to file the transcript. On August 22, 1931, the date the amended act became effective, 75 days of the time allowed under the existing statute had already expired, leaving 15 days, or 15/90 of the full time then allowed by law. Appellant was therefore entitled to an additional time of 15/90 of the sixty day period allowed by the amended act from the date said act became effective, which would be 10 days. This would make the time for filing the transcript expire under the new law on September 1st.

■ The order of extension granted by the Court of Civil Appeals allowing appellant two weeks from August 8th in which to file the transcript was of no force or effect, as the time for filing such record under the old law did not expire until September 6th, and the new law was not effective on the date such motion for extension of time was granted.

The amended act, however, was in force at the time of the requested extension on October 6. This act only permits the court of civil appeals to extend the time for filing the transcript beyond the period specified in the statute for good cause shown "before the expiration of such sixty day period."

There is some conflict in the decisions of the various courts of civil appeals as to whether such courts are authorized, under the terms of the amended act, to extend the time for filing the transcript unless the motion for such extension is made before the expiration of the sixty day period allowed for the filing of the transcript.

The Texarkana Court of Civil Appeals, in Walker v. Lyles, 45 S. W. (2d) 315, the San Antonio Court in Reasonover v. Reasonover, 46 S. W. (2d) 382, the Eastland court in Reed v. Great American Indemnity Co., 47 S. W. (2d) 860, and the Beaumont court in Reese v. Owens, 48 S. W. (2d) 697, all held that the good cause described in the amended Article 1839 must

be shown before the expiration of the sixty day period provided in the act.

The Austin Court of Civil Appeals, in the case of Shelton v. Northern Assur. Co., Ltd., of London, 56 S. W. (2d) 1111, questioned the correctness of the holding in the above cited cases, but the point was not directly involved in that case.

The only express holding to the contrary is that made by the Dallas Court of Civil Appeals in the case of C. S. Hamilton Motor Co. v. Muckleroy, 46 S. W. (2d) 451. In that case, however, Chief Justice Jones filed a vigorous dissenting opinion in which he reviewed the history of the legislation on this subject and announced the conclusion that the amended act is susceptible of but one construction, and that is that the showing of good cause before the expiration of the sixty day period is a condition prerequisite to the granting of an extension of time beyond the period provided in the statute.

After a full consideration of the matter, we find ourselves in accord with the views so ably expressed on the subject by Chief Justice Jones in the case above referred to. The reasons upon which his conclusion is based are so clearly and concisely stated that we need do no more than refer to his opinion as correctly reflecting the views of this court on the subject.

Since in this case appellant's motion for extension of time was filed more than thirty days after the expiration of the period allowed for filing the transcript, the Court of Civil Appeals was without authority to extend the time even though good cause existed for failing to file within the time required by law.

The question certified should be answered in the negative, and we so recommend.

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

C. M. CURETON, Chief Justice.