MINERAL INVESTING CORPORATION v. BISHOP CATTLE COMPANY ET AL.

No. 6296.   Decided January 23, 1935.
(78 S. W., 2d Series, 174.)

*T. J. Lawhon, Jr.,* of Houston, for plaintiff in error.

*Boone, Henderson, Boone & Davis,* of Corpus Christi, for defendant in error.

On question of jurisdiction: Panhandle & S. F. Ry. Co. v. Bell, 189 S. W., 1097; Sellers v. Spiller, 64 S. W. (2d) 1049; City of Fort Worth v. Zane Cetti, 29 S. W. (2d) 958.

MR. JUDGE CRITZ delivered the opinion for the Commission of Appeals, Section A.

This is a suit to determine the legal owner of certain mineral lease rentals accruing under an ordinary drill or pay lease. The real controversy is between the Bishop Cattle Company on the one side and Mineral Investing Corporation on the other. Magnolia Petroleum Company is the owner of the lease and brought this suit in the District Court of Nueces County, Texas, to determine to whom it should pay the rentals. The district court held in favor of Bishop Cattle Company. On appeal by Mineral Investing Corporation the Court of Civil Appeals affirmed the judgment of the district court. 49 S. W. (2d) 532. Writ of error was granted by this Court on application of Mineral Investing Corporation.

We are met at the threshold of this case with the contention made by defendant in error, Bishop Cattle Company, that the judgment of the Court of Civil Appeals should be affirmed by this court because that court should have affirmed the judgment of the district court on certificate. We are compelled to sustain that contention.

It appears from the record before us that the case was tried

in the district court without the intervention of a jury, and judgment for Bishop Cattle Company was rendered on June 3, 1931. Notice of appeal was promptly given by Mineral Investing Corporation, and supersedeas bond was filed on June 8, 1931.

About noon, on Friday, September 4, 1931, the attorney for the Mineral Investing Corporation, deposited the transcript and statement of facts in the U. S. Mail at Houston, Texas, properly stamped and directed to the Clerk of the Court of Civil Appeals at San Antonio, Texas. In due course of mail the record should have been delivered to the Clerk at San Antonio on the morning of Saturday, September 5, 1931. The record did not reach the Clerk on Saturday morning, September 5, though the clerk's office was open at that time. The clerk's office was closed Saturday afternoon of September 5, 1931, and remained closed until Tuesday morning, September 8, 1931. We presume that the record was received by the clerk on Tuesday, September 8, 1931.

When the record was delivered to the clerk on Tuesday, September 8, 1931, he declined to file it on the ground that it was tendered too late. The clerk promptly notified counsel for Mineral Investing Corporation to that effect by mail. The notice was received by counsel for Mineral Investing Corporation on Tuesday, September 10, 1931. On September 14, 1931, Mineral Investing Corporation filed its motion, under oath, setting up the above facts, and praying for an order directing the clerk to file the above mentioned record.

On October 5, 1931, before Mineral Investing Corporation's motion to have the record filed was acted on, Bishop Cattle Company filed its motion to have the judgment of the district court affirmed on certificate. This motion was accompanied by proper transcript and certificate. The Court of Civil Appeals considered the motion of Mineral Investing Corporation to file the record, and the motion of Bishop Cattle Company to affirm on certificate, and granted the former, but overruled the latter. On final hearing, however, the Court of Civil Appeals affirmed the judgment of the district court on the merits. In doing so it considered the record.

Bishop Cattle Company insists in this Court that the judgment of the district court should have been affirmed on certificate in the Court of Civil Appeals. If this should have been done then the judgment of the Court of Civil Appeals should be affirmed here regardless of the correctness of its opinion on the merits of the case.

For the purpose of this opinion only, we will assume that

counsel for Mineral Investing Corporation tendered the record to the clerk of the Court of Civil Appeals at San Antonio on Saturday afternoon, September 5, 1931.

■ The appeal in this case was perfected on June 8, 1931, when the supersedeas bond was filed. At that time Article 1839, R. C. S., 1925, was in effect. It allowed appellant, Mineral Investing Corporation, 90 days from the perfection of its appeal within which to file transcript in the Court of Civil Appeals. By Chapter 66, page 100, Acts Regular Session, 42nd Legislature, Article 1839, supra, was amended so as to require the transcript to be filed in the Court of Civil Appeals within 60 days from the final judgment or order overruling motion for new trial. This amended statute must be applied in this case, if, under it, the time for perfecting appeal was reasonable. Union Assurance Society v. Equitable Trust Co., 122 Texas, 293, 58 S. W. (2d) 58; Hunter v. Moore, 122 Texas, 583, 62 S. W., 97.

■ Chapter 66 of the Acts 42nd Legislature, supra, became effective August 22, 1931. It therefore became effective prior to September 5, 1931. It is settled as a law in this State that in cases pending at the time Chapter 66, supra, went into effect, the time for filing the transcript in the Court of Civil Appeals already elapsed under the old law will be counted in the ratio it bears to the whole period, and time allowed under the new statute will be computed on basis of ratio that unexpired period term under the old law bears to the whole period. Union Assurance Society v. Equitable Trust Co., supra. Of course the time remaining must be reasonable. Id.

■ As already stated the appeal in this case was perfected on June 8, 1931, when Mineral Investing Corporation filed its supersedeas bond. Appellant then had 90 days within which to file the transcript in the Court of Civil Appeals. Chapter 66 of the Acts of the 42nd Legislature, supra, went into effect August 22, 1931. It thus appears that at the time the new law went into effect 75 days had expired under the old law. It follows that 75/90 of the time allowed under the old law had expired when the new law became effective. Under the rule above announced appellant was entitled to 15/90 of the 60 day period allowed by the new law after August 22, 1931, within which to file the transcript in the Court of Civil Appeals. This would be ten days. We therefore hold that it had ten days after August 22, 1931, within which to file the transcript in the Court of Civil Appeals. This would compel the filing of

the transcript not later than September 1, 1931. If we assume that the transcript was tendered to the clerk for filing on September 5, 1931, when in due course of mail, it should have been delivered to the clerk, still it was tendered too late. At this point we pause to say that we do not hold that the transcript was tendered on September 5. We merely hold that it certainly was not tendered prior to that time.

■ The Court of Civil Appeals had the power, under Chapter 66, supra, to permit the filing of the transcript after the statutory period allowed by law, but this could be done only on application made during such period. Hunter v. Moore, 122 Texas, 583, 62 S. W. (2d) 97; Red v. Bounds, 122 Texas, 614, 63 S. W. (2d) 544.

Since this record was not tendered for filing in the Court of Civil Appeals within the time prescribed by law, and since the Court of Civil Appeals under the record had no authority to permit its filing, the appellee, Bishop Cattle Company, was entitled to an affirmance on certificate. Red v. Bounds, supra.

■ We think the district court had jurisdiction of this case. The pleadings of Magnolia Petroleum Company not only put in controversy $480.00 of the rents due November 1, 1930, but such pleadings also put in controversy the title and ownership of four rental payments for like amounts to fall due on November 1 of the four succeeding years. It further appears that the judgment of the district court not only adjudged that Bishop Cattle Company should recover $480.00 of the rents due November 1, 1930, but also adjudged that "the right to collect and receive like payments that might hereafter be paid under the terms of said lease for the privilege of deferring the commencement of drilling operations on said land is hereby vested in Bishop Cattle Company, its successors and assigns."

The judgment of the district court and Court of Civil Appeals are both affirmed.

Opinion adopted by the Supreme Court January 23, 1935.