J. S. Bracewell and J. M. Shamblin, both of Houston, for appellant.

R. D. Cox, Jr., and Strickland, Ewers & Wilkins, all of Mission, for appellees.

## BEAR v. DONNA INDEPENDENT SCHOOL DIST. et al.

### No. 9839.

Court of Civil Appeals of Texas. San Antonio.

Aug. 7, 1935.

Rehearing Denied Sept. 4, 1935.

MURRAY, Justice.

This controversy has been before this court before. See 74 S.W.(2d) 179.

Appellee Donna Independent School District instituted this suit against appellant, George V. Bear, seeking a temporary, and, on final hearing, a permanent injunction restraining said Bear from interfering with the school system of appellee school district. Appellant, Bear, in answering the petition, sought an injunction and mandamus against the school district and certain other cross-defendants.

The trial judge sustained a plea in abatement to appellant's cross-action and granted a temporary injunction as prayed for by appellee school district.

George V. Bear presents this appeal.

The facts are as follows: For some years George V. Bear had been superintendent of the schools of the Donna Independent School District. He held a contract dated March 14, 1931, expiring June 30, 1934. On March 8, 1934, he was given another contract beginning July 1, 1934, and ending June 30, 1937. The personnel of the board of trustees changed soon thereafter and on April 30, 1934, the president of the board sent a letter to Bear, purporting to be upon the authority of the board, advising him that his services would not be required after June 1, 1934. On May 2, 1934, the board gave Harris G. Carter a contract as superintendent of its schools for one year.

On May 31, 1934, Bear filed suit in the Ninety-Third district court of Hidalgo county seeking an injunction against the

school board. On June 8, 1934, the district court sustained a plea to the jurisdiction of that court and dismissed Bear's petition. Bear appealed to this court, which upheld the trial court in an opinion delivered July 18, 1934. The Supreme Court denied Bear a writ of error on December 12, 1934, and mandate was issued by this court on February 5, 1935.

On December 18, 1934, Bear applied to the board for reinstatement and for the payment of his salary alleged to have accrued under his contract, and upon the refusal of the board to take any action, gave notice of appeal to the state superintendent and filed his appeal with him on January 3, 1935.

The school district filed a plea in abatement to the jurisdiction of the state superintendent on the grounds that such appeal had not been brought until more than eight months after Bear's discharge, and that no notice of appeal had ever been given by Bear as to his intention to appeal from the decision of the board to discharge him. The state superintendent overruled this plea in abatement, and upon final hearing upheld Bear's contract and ordered him reinstated as superintendent of the district. The school district appealed to the state board of education, and that board upheld the action taken by the state superintendent, hence this litigation.

As stated in appellants' brief, this appeal presents the one question: "Did the State Superintendent and State Board of Education have jurisdiction to enter the orders they did?"

Unquestionably such jurisdiction existed, unless appellant's failure to file his appeal for more than eight months after he received notice of his discharge was sufficient to prevent the state superintendent from taking jurisdiction of the controversy.

The statutes give to a discharged teacher the right to appeal to the state superintendent. R. S. 1925, art. 2656 and article 2686, as amended Acts 1927, 40th Leg. p. 128, ch. 83, § 1 (Vernon's Ann. Civ. St. art. 2686).

Article 2657, R. S. 1925, authorizes the state superintendent to issue instructions and regulations binding on all school officers and teachers. Pursuant to this authority the state superintendent has made, published, and circulated the following rule, found in department of education bulletin dated June, 1933: "When an appeal is taken from the decision of the Board of Trustees of an independent school district having more than 500 scholastics notice of same shall be filed with the board of trustees within 15 days from the date of decision of the case and the record of appeal must be completed within 30 days and transmitted to the State Superintendent of Public Instruction. The same rule with reference to time and completion of record shall apply to appeals from the decision of the State Superintendent of Public Instruction to the State Board of Education."

This rule has the same force and binding effect of a statute. 56 C. J. 333, 489.

The decision of the school board to discharge appellant became final, and not subject to appeal and review, upon the expiration of the period prescribed by the above rule, within which appeals may be taken.

Appellant did not give notice of appeal or perfect his appeal within the time prescribed by the above rule, nor did he apply within that time to the state superintendent for an extension of time within which to perfect his appeal. Under such circumstances the state superintendent was without jurisdiction to hear his appeal.

Even before the promulgation of the above rule the courts had uniformly held that such appeals must be taken within a reasonable time, and certainly more than eight months was not within a reasonable time. Harkness v. Hutcherson, 90 Tex. 383, 38 S. W. 1120; Chilicothe Independent School District v. Dudney (Tex. Civ. App.) 142 S. W. 1007.

By analogy the same rule would be here applied as is applied with reference to the time allowed for appeals from trial courts to the Courts of Civil Appeals. The Supreme Court has definitely held that where the record on appeal is not filed in the Court of Civil Appeals within the time allowed by law, and no motion for an extension of time is filed within that period, or within the fifteen days allowed by statute for the filing of such a motion, the right of appeals is lost. Hunter v. Moore, 122 Tex. 583, 62 S.W.(2d) 97; Red v. Bounds, 122 Tex. 614, 63 S.W.(2d) 544; Reese v. Owens, 123 Tex. 493, 72 S.W.(2d) 1113; Hidalgo County Water Imp. Dist. No. 1 v. Jay Van Horn (Tex. Com. App.) 84 S.W.(2d) 699 (not yet published [in

State report]), reversing (Tex. Civ. App.) 51 S.W.(2d) 641, 642.

The contention is made that appellant having filed an application for reinstatement, and notice of appeal having been given and an appeal perfected within due time from the decision of the school board not to grant this order, that such appeal is timely made. We cannot concur in this proposition. This action in no way affected the original decision of the board to discharge appellant, and the time within which an appeal must be taken from such decision.

In vol. 3 C. J. p. 1073, it is stated: "An extension of time can not be made indirectly by repeating the judgment, order, or decree, by an amendment or modification not changing its legal effect, by a motion to vacate the same, by vacating and re-entering or refiling it as of a more recent date, * * * and when the decision on a motion is appealable the time is not extended by restatement of the motion."

Appellant also contends that article 5539a, Vernon's Ann. Civ. St. (Acts 1931, 42d Leg., p. 124, ch. 81, § 1), gives him sixty days after his original suit was abated for want of jurisdiction within which to perfect his appeal to the state superintendent. We overrule this contention. Article 5539a is a statute of limitation and in no way affects the time within which a right of appeal may be taken.

In 37 C. J. 686, it is stated: "Art. (5) E. Distinguished from qualifications annexed to given right. A wide distinction exists between pure statutes of limitation and special statutory limitation qualifying a given right. In the latter instance time is made an essence of the right created, and the limitation is an inherent part of the statute or agreement out of which the right in question arises, so that there is no right of action whatever independent of the limitation. A lapse of the statutory period operates, therefore, to extinguish the right altogether. To such limitation, the rules of law governing pure statutes of limitation applicable to all classes of actions have no application."

The trial judge, having found that appellee was entitled to the relief prayed for by it, properly denied appellant's prayer for a mandatory injunction.

For the reasons above stated, the judgment of the trial court will be in all things affirmed.