## TAYLOR–LINK OIL CO. v. HUMBLE OIL & REFINING CO. et al.
### No. 2850.

Court of Civil Appeals of Texas. Beaumont.
Dec. 24, 1935.

Rehearing Denied Jan. 8, 1936.

King, Wood & Morrow, of Houston, for appellant.

R. E. Seagler, of Houston, McComb & Marsh, of Conroe, and Sam Neathery, of Houston, for appellees.

O'QUINN, Justice.

This was an interpleader suit brought by the Humble Oil & Refining Company, as stakeholder and plaintiff, in the district court of Montgomery county, Tex., to construe the terms of a conveyance made by the defendants O. Etheridge and W. P. McComb, to the Taylor-Link Oil Company, the other defendant herein. There is no controversy between the Humble Oil & Refining Company and either of the defendants. The contest below was and here is between the Taylor-Link Oil Company, one of the defendants below, appellant, and O. Etheridge and W. P. McComb, the other defendants below, appellees here.

The suit grew out of these matters. On July 28, 1932, Mrs. Lulu B. McComb, W. P. McComb, O. Etheridge, and Mrs. Marie Alice Kameron (wife of Tom Kameron) owned 150.44 acres of land, part of the Lemuel Smith two-third league survey in Montgomery county, Tex. On that date they executed an oil lease covering said tract of land to the Yount-Lee Oil Company, reserving a royalty of one-eighth of the oil produced and saved from said land. This lease was assigned by the Yount-Lee Oil Company to T. P. Lee on August 13, 1932. On August 19, 1932, Mrs. Lulu McComb, W. P. McComb, O. Etheridge, and Marie Alice Kameron, joined by her husband, Tom Kameron, conveyed to said T. P. Lee one-half of the one-eighth oil and gas royalty reserved by them in their lease to the Yount-Lee Oil Company, for a consideration of $15,000 cash, and $18,750 cash, same to be held and paid to them in the event of a decision in their favor in a certain suit then pending, and the further sum of $33,750 in the event of such favorable decision, same to be paid out of the proceeds of the sale of one-eighth of seven-eighths of the first oil if, as and when oil was produced and saved from said land.

On August 20, 1932, T. P. Lee assigned the oil lease to the Humble Oil & Refining Company, under which said company went into possession of the land and developed oil producing wells, and is still producing oil therefrom.

At the time of the execution of the lease to Yount-Lee Oil Company, the minerals in the 150.44 acres of land were owned by Mrs. Lulu McComb, one-third; Mrs. Marie Alice Kameron, one-third; and one-third jointly by W. P. McComb and O. Etheridge.

On October 21, 1932, W. P. McComb and O. Etheridge, for a consideration of $7,500 cash, conveyed to appellant, Taylor Link Oil Company, one-half of their one-third, or one-sixth, interest in and to the oil, gas, and other minerals in said 150.44 acres of land, subject to the Yount-Lee Oil Company lease and contracts relative thereto, under which the Humble Oil & Refining Company was operating in developing the land.

It is agreed that the $15,000 cash, and the $18,750 mentioned in the conveyance to T. P. Lee, have been paid, and that of the $33,750 mentioned in the conveyance as part of the consideration for said conveyance, $3,750 has been paid, and that on July 31, 1934, the further sum of $3,212.43 due under said contract was in the hands of the Humble Oil & Refining Company, and was being claimed by both W. P. McComb and O. Etheridge on the one hand, and Taylor-Link

Oil Company on the other, and this suit was brought by the Humble Oil & Refining Company interpleading said claimants to determine to whom said sum should be paid. The contention by Taylor-Link Oil Company, appellant, is that McComb and Etheridge by the conveyance to it of one-half of their one-third interest in the minerals, included one-sixth of the $30,000 remaining to be paid out of oil produced from the land. This contention is denied by McComb and Etheridge, they insisting that their conveyance to appellant was made subject to the lease and contracts relative thereto, and so did not convey any part of their interest in the $30,000 contracted to be paid them by T. P. Lee.

The conveyance of McComb and Etheridge to Taylor-Link Oil Company reads:

"The State of Texas, County of Montgomery

"Know all men by these presents:

"That O. Etheridge and W. P. McComb of the County of Montgomery, State of Texas, have and by these presents do grant, bargain, sell, convey, set over, assign and deliver unto Taylor-Link Oil Company, the following, to-wit:

"1/6th interest in and to all of the oil, gas, salt, sulphur, potash and other minerals of every kind and character in and under or that may be produced from the following described lands situated in Montgomery County, Texas, to-wit: (then followed field notes of the land), together with the right of free ingress and egress at all times for the purpose of mining, drilling and exploring said lands for oils, gas and other minerals, and removing the same therefrom.

"And the said above described lands being now under, embraced in and covered by an oil and gas lease originally executed in favor of Yount-Lee Oil Company and now held and owned by Humble Oil & Refining Company, it is understood and agreed that this sale is made subject to said lease and contracts relative thereto, but this sale covers and includes 1/6th of all rights, title and interest accruing or payable  account said lease, save and except that there is Eighteen Thousand, Seven Hundred Fifty ($18,750.00) Dollars cash being held in escrow and no part of this shall accrue to Purchaser under this contract.

"It is agreed and understood that 1/6th of the money rentals covering the above described land which may be paid to extend the term within which a well may be begun under the terms of said lease is to be paid to the said Taylor-Link Oil Company and in the event that the said above described lease for any reason becomes cancelled or forfeited, then and in that event, the lease interests and all future rentals on said above described land, for oil, gas and mineral privileges shall be owned jointly, the grantee herein, owning 1/6th interest in all oil, gas and other minerals in and upon said land, together with 1/6th interest in all future rents.

"This sale is made for and in consideration of Seven Thousand Five Hundred ($7,500.) Dollars, cash in hand paid, receipt of which is hereby acknowledged.

"To have and to hold, the above described property, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said Taylor-Link Oil Company, their heirs, successors and assigns forever, and we do hereby bind ourselves, heirs, executors and administrators to warrant and forever defend all and singular the said property unto the said Taylor-Link Oil Company, its heirs, successors and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof.

"Witness our hands this, the 21st. day of Oct. A. D. 1932.

"O. Etheridge.
"W. P. McComb."

The case was tried to the court without a jury, and he rendered judgment finding the facts to be as above stated, and sustained the contention of McComb and Etheridge, appellees, that their mineral deed to appellant, Taylor-Link Oil Company, did not include or convey any part of the oil payment of $30,000 to be paid to them by reason of the contract with T. P. Lee, and accordingly entered judgment in their favor that they recover of the Humble Oil & Refining Company the $3,212.43 which it had tendered into court, and further recover of it the remainder of the oil payment involved, if, as, and when same accrued. From this judgment Taylor-Link Oil Company prosecutes this appeal.

We think that the court correctly held, in construing the mineral deed from McComb and Etheridge to appellant, that it was not the purpose of said mineral deed and that it did not have the effect to convey to appellant the right to receive one-sixth of the $30,000 to be paid out of oil produced from the leased land. Mineral Investing Corporation v. Bishop Cattle Co. (Tex.Civ.

App.) 49 S.W.(2d) 532. We think this plainly appears from the deed itself. It says: "But this sale covers and includes one-sixth (1/6) of all rights, title and interest accruing or payable account said lease." The lease did not provide for the payment of the $33,750 to lessors out of oil produced from the land. That payment arose from an independent transaction—a contract of sale to T. P. Lee of a portion of the reserve one-eighth royalty by lessors. It was not by virtue of any provision of the lease that such payment was to be paid, and same was not payable on "account of said lease."

The judgment is affirmed.