

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711



**JOHN L. HILL**
**ATTORNEY GENERAL**

June 25, 1975

The Honorable Everett L. Anschutz
Executive Secretary
Employees Retirement System of Texas
Box 12337, Capitol Station
Austin, Texas 78711

Opinion No. H- 634

Re: Effective date of Senate Bill
90 relating to interest in the Employ-
ees Retirement System.

Dear Mr. Anschutz:

You have requested our opinion concerning the effective date of Senate
Bill 90 of the 64th Legislature, (1975). Section 10 of the bill amends article
6228a, section 7, V. T. C. S., to read as follows:

> B. The State Board of Trustees, on <u>August 31, 1975,</u>
> and thereafter on the last day of each fiscal year
> year, shall transfer from the Interest Fund to the
> Employees Saving Fund interest computed at the
> rate of five per cent (5%) on the mean balances of
> the amounts for the fiscal year standing to the
> credit of all members. In addition, the Board
> shall, as required during the year, transfer in-
> terest from the Interest Fund to the Employees
> Saving Fund in amounts equal to the interest
> credited during the year to members whose ac-
> counts are closed by death, retirement, or with-
> drawal of contributions. (Emphasis added).
> . . .

Section 8A( 1)(c) of article 6228a, was amended to provide:

> After August 31, 1974, interest computed at the rate of five
> (5%) per cent year on amounts credited to the accounts of in-
> dividual members is earned monthly, to be credited on
> August 31, 1975, and thereafter on the last day of each fis-
> cal year. However, after the last day of the month in which
> this Act takes effect, interest shall be credited to accounts
> closed by death or withdrawal of contributions through the
> last day of the month preceding the calendar month in which
> death occurs or in which the withdrawal request is validated
> by the Employees Retirement System, and interest shall be
> credited to accounts closed by retirement through the date
> of retirement. Interest shall be computed on the mean bal-
> ance standing to the credit of the member for the fiscal year,

or for the applicable portion of the fiscal year in case of
death, retirement, or withdrawal of contributions.
(Emphasis added).

Senate Bill 90 contained an emergency clause and was passed by a re-
cord vote of 135-0 by the House. However, the Senate passed the Bill by a
voice vote and therefore it may not take effect until 90 days "after the ad-
journment of the session." Tex. Const. art. 3, sec. 39; Morris v. Calvert,
329 S. W. 2d 117 (Tex. Civ. App. - - Austin 1959, writ ref'd., n. r. e. ).

The Legislature adjourned at midnight, June 2, 1975. Your question
arises from the opinion of the Court of Civil Appeals in Morris, supra, where
in dicta, a statute was said to be effective on the 90th day after adjournment
(adjourned June 7, held effective September 5). The 90th day after the June 2
adjournment would be August 31, and as you have indicated Morris would
suggest that Senate Bill 90 would be effective at 12:01 a. m. on that date. How-
ever, we cannot avoid the conclusion that the court in Morris erred in suggest-
ing that act to be effective on September 5, and we believe that its effective date
was September 6. This would not have constituted reversible error in that case,
for the question before the court was whether the Act was in effect on July 19.

The method for computing the effective date of a "90-day act" is stated
in Halbert v. San Saba Springs Land & Live-Stock Association, 34 S. W. 639
(Tex. Sup. 1896). In that case the Legislature adjourned on March 31, and the
act in question was held effective on June 30, the 91st day after adjournment,
or after 90 days. The Halbert case has been cited repeatedly as controlling
the method of computation of time in other circumstances. See Union Assur.
Soc. v. Equitable Trust Co. , 58 S. W. 2d 58 (Tex. Comm. 1933;) Rudco Oil
& Gas Co. v. Lemasters, 146 S. W. 2d 806 (Tex. Civ. App. --Eastland 1940,
writ dism., jdmt. corr. ); Snow v. Snow, 223 S. W. 240 (Tex. Civ. App. --San
Antonio 1920, no writ). Accordingly, it is our opinion that Senate Bill 90 be-
comes effective at 12:01 A. M. , September 1 1975, the 91st day after adjourn-
ment.

However, the clear intent of the Legislature was to compute the interest
to be transferred on August 31, 1975, at the rate of 5%. Since the effective date
of the Bill is September 1, such a transfer would require a retroactive effect to
be given to the Bill. While article 1, section 16 of the Texas Constitution pro-
hibits retroactive statutes, it is well established that this prohibition does not ex-
tend to all statutes. 53 Tex. Jur. 2d Statutes, § 28.

[S]tatutes . . . may operate retrospectively when
it is apparent that such was the intention, provided
no impairment of vested rights results. Cox v.
Robison, 150 S. W. 1149, 1156 (Tex. Sup. 1912).

Section 16, Art. 1., prohibits the making of re-
troactive laws in so far as they destroy or impair

vested rights. Deacon v. City of Euless, 405
S.W. 2d 59, 62 (Tex. Sup. 1966)

See also Texas Water Rights Commission v. Wright, 464 S.W. 2d 642 (Tex. Sup. 1971); American Surety Co. of New York v. Axtell Co. 36 S.W. 2d 715 (Tex. Sup. 1931); City of Fort Worth v. Morrow, 284 S.W. 275 (Tex. Civ. App. --Ft. Worth 1926, writ ref'd. ); and Attorney General Opinion H-14 (1973). Attorney General Opinion M-28 (1967) held that a statute which allowed death benefits to sur-vivors of certain state employees could not be given a retroactive effect. However, that opinion cited only "no writ" cases from the Courts of Civil Appeals which held article 1, section 16, to prohibit a retroactive law which "creates a new obligation, [or] imposes a new duty . . . in respect to transactions or considerations already passed." Turbeville v. Gowdy, 272 S.W. 559, 561(Tex. Civ. App. --Ft. Worth 1925, no writ). We have discovered no such restrictions in a Texas Supreme Court case and do not believe the purpose of article 1, section 16 was to prevent the Legisla-ture from imposing all retroactive obligations on the State particularly where no vested rights are impaired. See Texas Water Rights Commission v. Wright, supra. While Turbeville may constitute a correct statement of the law with respect to the imposition of new obligations on parties other than the State, in our opinion it is not applicable to retroactive obligations of the State. Accordingly, while M-28 dealt with a recently enacted constitutional provision and therefore involved different facts from those before us, Attorney General Opinion M-28 is overruled to the ex-tent it conflicts with this opinion.

In our view Senate Bill 90 in no manner impairs vested rights and in light of the Legislature's clear intention to enlarge the August 31, 1975, transfer it may be given a retroactive effect. In addition, the Legislature expressly provided that after August 31, 1974, interest was to be earned monthly and credited on August 31, 1975. In our opinion this provision is valid for the foregoing reasons. However, that portion of the Bill regarding interest credited on accounts closed by death or withdrawal of contributions is not operative until "after the last day of the month in which [the] Act takes effect, " and therefore is not operative until October 1, 1975.

## SUMMARY

Senate Bill 90 will be effective at 12:01 AM September 1, 1975. Those portions of the Act which provide for monthly earnings of 5% interest to be credited on August 31, 1975, may be validly given effect. The portion deal-ing with interest credited on accounts closed

by death or withdrawal of contributions is not operative until after the last day of the month in which the Act takes effect which is 12:01 AM October 1, 1975.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad